# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2065

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| | * | Northern District of Iowa. |
| Bradley Joe Davis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 30, 2001
Filed: November 2, 2001

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Bradley Joe Davis pleaded guilty to conspiring to distribute over 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 846. After hearing testimony from several government witnesses, the district court[1] determined that Davis was responsible for slightly less than 15 kilograms of methamphetamine, and sentenced him to 240 months imprisonment and 4 years supervised release. On appeal, Davis's attorney

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

has filed a brief and moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). Davis has filed a pro se supplemental brief and moved to dismiss counsel's brief.

Counsel challenges the district court's drug-quantity calculation. Having reviewed the sentencing transcript, we conclude that the district court did not clearly err in crediting the testimony of the witnesses. <u>See</u> <u>United States v. Santana</u>, 150 F.3d 860, 864 (8th Cir. 1998).

We understand Davis to argue that 21 U.S.C. § 841 is unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); his indictment was defective because it charged him with a lower drug quantity than that for which he was sentenced; a pre-arrest search of his residence was illegal; and his counsel was ineffective. We reject these arguments. Davis's sentence did not exceed the statutory maximum for the charged drug quantity, <u>see</u> 21 U.S.C. § 841(b)(1)(B)(viii); <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 933 (8th Cir.), <u>cert. denied</u>, 531 U.S. 1026 (2000), and he waived his illegal-search claim by pleading guilty without a conditional plea agreement, <u>see</u> Fed. R. Crim. P. 11(a)(2); <u>United States v. Beck</u>, 250 F.3d 1163, 1166 (8th Cir. 2001). As to his assertion of ineffective assistance of counsel, such a claim should be raised in a postconviction proceeding. <u>See</u> <u>Santana</u>, 150 F.3d at 863.

Having found no other nonfrivolous issues for appeal upon our independent review pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we affirm the judgment of the district court, deny Davis's motion, and grant counsel's motion to withdraw.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.