# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1593

———————

United States of America,

        Appellee,

v.

Kody Harris,

        Appellant.

*
*
*
*
*  Appeal from the United States
*  District Court for the Northern
*  District of Iowa.
*
*
*
*

———————

Submitted: October 18, 2004
Filed: December 3, 2004

———————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Defendant Kody Harris appeals his sentence of 188 months and maintains that the district court[1] erred in two respects. He argues first that the district court should not have enhanced his sentence for using a minor to commit a crime because the Sentencing Commission exceeded its authority by extending that enhancement to defendants who are under the age of twenty-one. *See* U.S.S.G. § 3B1.4 (2002). Mr. Harris also contends that the court erred in denying his request for a three-level

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) (2002). We affirm.

Mr. Harris, who was nineteen years old when the relevant offense occurred, involved his seventeen-year-old girlfriend in the purchase of substances to be used in the manufacture of methamphetamine. In *United States v. Wingate*, 369 F.3d 1028, 1030-32 (8th Cir. 2004), *petition for cert. filed* (U.S. Aug. 18, 2004) (No. 04-5989), and in a companion to Mr. Harris's case, *United States v. Ramirez*, 376 F.3d 785, 786-88 (8th Cir. 2004), we held that the two-level enhancement in § 3B1.4 for all defendants who "used or attempted to use a person less than eighteen years of age to commit the offense" is not contrary to Congress's directive to promulgate an enhancement for defendants "21 years of age or older" who "involved a minor in the commission of the offense," Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 140008(a), 108 Stat. 1796, 2033 (1994). Because there is no language in the congressional directive limiting the enhancement to only those defendants who are twenty-one years and older, and because all defendants twenty-one years and older who use a minor to commit an offense will receive an enhancement under § 3B1.4, we concluded that the guideline promulgated by the Commission is not contrary to Congress's directive. This issue is squarely controlled by our earlier cases, and we therefore reject Mr. Harris's challenge to the two-level enhancement.

We turn now to Mr. Harris's argument that the district court should have given him a three-level downward adjustment for acceptance of responsibility instead of the two-level one that it did give. *See* U.S.S.G. § 3E1.1(b) (2002). We believe that even assuming that Mr. Harris is correct, his sentence would not change. "If the sentence imposed falls within the guideline range urged by the appellant and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed," there can be no reversible error in the sentence. *United States v. Simpkins*, 953 F.2d 443, 446 (8th

Cir. 1992), *cert. denied*, 504 U.S. 928 (1992); *see United States v. Goings*, 200 F.3d 539, 545 (8th Cir. 2000); *United States v. O'Hagan*, 139 F.3d 641, 658 (8th Cir. 1998). In such a situation, any error in calculating the guideline range is simply harmless. *See Simpkins*, 953 F.2d at 446.

The record leads us to conclude that this is such a case. At the sentencing hearing, the government requested that "in determining what sentence to impose ... the Court determine a sentence that would be appropriate regardless of whether the Defendant should have received [the] third level of acceptance." We think it clear that the district court honored this request. After the court imposed a sentence of 188 months, the attorney for the government commented that the sentence imposed was within the overlap between the two putative ranges. The court responded, "It was, and it was intentional. I had intended, actually, to sentence him at a higher – give him a higher sentence, but I took into consideration what you told me."

This is not a case where the sentence imposed was at the bottom of the overlapping area; if it were, there might be an inference that the court would have given Mr. Harris a lower sentence if he had received a three-level adjustment. *Cf. United States v. Luster*, 896 F.2d 1122, 1130 (8th Cir. 1990). The total adjusted offense level, as stated by the court, was thirty-four. Had the defendant been granted the additional reduction, he would have been at level thirty-three. There is an overlapping range among those levels of 168 to 188 months. Thus, the district court could have easily imposed a sentence of less than 188 months and still have sentenced Mr. Harris within the overlap. Considering the court's unwillingness to do so, as well as its remarks at sentencing, we conclude that the court would have imposed the same sentence even if it had granted Mr. Harris an adjustment under § 3E1.1(b).

Accordingly, we affirm Mr. Harris's sentence.

_____