# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2783

_____

United States of America,                        *
                                                 *
       Plaintiff - Appellee,            *
                                                 *
                                                 *    Appeal from the United States
    v.                                     *    District Court for the Western
                                                 *    District of Missouri.
Carlus L. Phillips,                              *
                                                 *
       Defendant - Appellant.           *

_____

Submitted: October 29, 2004
Filed:  December 6, 2004

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Carlus L. Phillips pled guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  The district court sentenced him to 252 months after departing upward.  Phillips appeals, arguing that the district court erred by failing to warn him it could depart from the sentencing guidelines and that the government breached the plea agreement by moving for an upward departure.  He asks that he be allowed to withdraw his guilty plea, relief sought and denied in the district court.  We affirm.

Phillips was arrested after several sales of crack cocaine to a confidential informant. His plea agreement anticipated that he would be held responsible for between 38 and 61.52 grams of crack cocaine and a criminal history category of VI. After he entered a guilty plea, a Presentence Investigation Report (PSR) was prepared, and it calculated his offense level at 29 and assigned a criminal history category of V. The PSR estimated a sentencing range of 140-175 months, but it noted that the court could depart upward if it found the criminal history category did not reflect the seriousness of Phillips' past criminal conduct or the likelihood that he would commit future crimes. The government moved for an upward departure. It argued that the criminal history category assigned in the PSR was inadequate in light of Phillips' gang affiliation, seven municipal offenses involving violence or the presence of a weapon, and twenty nine unadjudicated incidents, including alleged murder and rape. The government urged the court to depart upward by assessing Phillips' criminal history category at VI and then setting his offense level at 36 or higher to authorize a sentence of 360 months.

At the sentencing hearing Phillips moved to withdraw his guilty plea on the grounds that the government had violated the plea agreement by moving for an upward departure.[1] The district court denied his motion. It stated that the government's motion to depart upward did not violate the plea agreement but that even if it had, the proper remedy would be to deny the motion rather than allowing withdrawal of the guilty plea. It then proceeded to sentencing. Although the court declined to consider Phillips' unadjudicated conduct, it found that he represented a danger to society and that past punishments had not motivated him to change his behavior. Based on these findings, the court granted the government's motion to depart upward, and it assigned Phillips an offense level of 32 and a criminal history

_____

[1] In order to be entitled to withdraw his plea at the sentencing stage, Phillips had to show that the violation constituted a "fair and just reason for requesting withdrawal." See Fed. R. Crim. P. 11(d)(2)(B).

category of VI, resulting in a range of 210-262 months.  It sentenced him to 252 months.

Phillips filed a notice of appeal, and his counsel filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Following its own review under Penson v. Ohio, 488 U.S. 75 (1988), this court denied the motion to withdraw and instructed Phillips' counsel to submit an additional brief addressing two issues: (1) whether the district court's Rule 11 violation amounted to plain error affecting Phillips' substantial rights and (2) whether the government violated the plea agreement by moving for an upward departure.

Phillips argues that, by failing to warn him that it had the discretion to depart from the sentencing guidelines, the district court violated Federal Rule of Criminal Procedure 11 and substantially affected his rights.  At the change of plea proceeding, the district court advised Phillips that his maximum sentence would be 40 years.  The court also warned Phillips that it could decide not to adopt terms in the plea agreement and that he could not withdraw his plea if the resulting sentence were higher than he anticipated.  The district court did not specifically say, however, that it had the discretion to depart from the guidelines.  This omission was a violation of Rule 11(b)(1)(M), which requires a court to inform the defendant that it has "discretion to depart from [the sentencing] guidelines under some circumstances."

Because Phillips did not raise his Rule 11 argument in the trial court, we review the district court's actions for plain error.  United States v. Vonn, 535 U.S. 55, 58-59 (2002).  Phillips has the burden on plain error review to show that his substantial rights were affected.  Id. at 63.  To satisfy this burden, an appellant claiming plain error under Rule 11 must "show a reasonable probability that, but for the error, he would not have entered the plea."  United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004).

Although Phillips says he would have gone to trial instead of pleading guilty if he had known of the possibility of a departure, he has not established this by a reasonable probability. The district court informed Phillips of the consequences of pleading guilty despite not following the exact requirements of Rule 11. The risk of receiving a higher sentence was also discussed in the plea agreement, which Phillips acknowledged he had read and understood. Phillips was put on notice that he could receive a higher sentence than anticipated, and he has not shown that he would have made a different decision had he known of the particular mechanism by which the higher sentence could be imposed. Cf. United States v. Molzen, 382 F.3d 805, 807 (8th Cir. 2004) (affirming where appellant was not advised in plea colloquy that he might have to pay $10,000 in restitution, but was advised that he might be fined up to $2,000,000). We conclude that there was no plain error that substantially affected Phillips' rights.

Phillips also argues that the government's upward departure motion violated the plea agreement. In an oral motion to withdraw his plea made at the sentencing hearing, he claimed that the government's departure motion violated ¶¶ 10(a) and 10(d) of the plea agreement. Paragraph 10(a) stated that the court would determine drug quantity and the related offense level. Paragraph 10(d) stated that the parties anticipated that Phillips would be in category VI, but that the court would determine the criminal history category. The district court did not err when it determined that the government's motion did not violate either of these plea agreement provisions.

On appeal Phillips' main contention is that the upward departure motion violated the spirit of the plea agreement. He claims that the government always knew of his background, but nonetheless induced him to plead guilty by forecasting that he would be in criminal history category VI. The court ultimately assigned him category VI, as the plea agreement had anticipated, so this complaint is without merit. Furthermore, the parties had agreed in ¶11 of the plea agreement that they could "advocate any position at the sentencing hearing regarding any sentencing issues not

addressed in this agreement," and in ¶9 the government reserved the right to "make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations" contained in the plea agreement. Nothing in the agreement prohibited departure motions. We conclude that the motion for an upward departure did not violate the terms or the spirit of the plea agreement.

For these reasons the judgment of the district court is affirmed.[2]

_____

_____

[2]Phillips has requested leave to file a supplemental brief on the applicability of Blakely v. Washington, 124 S. Ct. 2531 (2004), but we will not entertain such briefs until after the Supreme Court releases its opinions in United States v. Booker and United States v. Fanfan. See Administrative Order Regarding Blakely Cases, issued on September 27, 2004.