# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1423

_____

United States of America,

           Appellee,

v.

Ricardo Perales,

           Appellant.

\* 
\* 
\* 
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\* 
\*   [PUBLISHED]
\* 

_____

Submitted: May 31, 2007
Filed: June 8, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Ricardo Perales appeals the 121-month prison sentence the district court[1] imposed after he pleaded guilty to possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841. Over Perales's objection and in reliance on the government's evidence at sentencing, the district court calculated a Category II criminal history based on 3 points: 1 point for a 2004 California drug-possession conviction upon Perales's guilty plea, for which he received an 18-month deferred entry of judgment involving several conditions; plus 2 points for committing the

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

instant offense (in March 2005) while under that criminal justice sentence, see U.S.S.G. § 4A1.1(d). On appeal, Perales's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), contesting the section 4A1.1(d) assessment.

We hold that the district court correctly determined that Perales committed the instant offense while he was under a criminal justice sentence. See United States v. Blanton, 281 F.3d 771, 775 (8th Cir. 2002) (district court's interpretation and application of Guidelines reviewed de novo). The deferred entry of judgment--in effect at the time of the instant offense, and requiring Perales to complete certain conditions in order to be discharged from further liability in the case--was a countable sentence having the necessary "supervisory component" to constitute a "criminal justice sentence." See U.S.S.G. § 4A1.1, comment. (n.4) (defining "criminal justice sentence"); U.S.S.G. § 4A1.2(a)(1), (a)(3) (defining "prior sentence"; providing that conviction for which imposition of sentence "was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)"); cf. United States v. Norman, 129 F.3d 1393, 1401-02 (10th Cir. 1997) (where state court imposed "probation-like" conditions that provided judgment would be entered and sentence imposed if conditions were breached, deferred judgment constituted criminal justice sentence within "broad reading" of § 4A1.1(d), and district court properly added criminal history points).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and finding no nonfrivolous issues, we affirm the judgment of the district court, and we grant counsel's request to withdraw. We direct counsel to inform Perales about the procedures for filing a petition for rehearing and for certiorari.

_____