# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3724

_____

United States of America,          *
                                   *
                  Appellee,        *   Appeal from the United States
                                   *   District Court for the Northern
         v.                        *   District of Iowa.
                                   *
Bradley Joe Davis,                 *
                                   *
                  Appellant.       *

_____

Submitted: September 24, 2007
Filed: November 20, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Bradley Davis appeals the district court's[1] denial of his petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. We affirm.

## I.     BACKGROUND

Davis pleaded guilty to conspiracy to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Davis had no plea agreement and at the plea hearing, admitted that he was responsible for the distribution of between fifty and 500 grams of methamphetamine. The government responded that it could prove that Davis was responsible for much more than 500 grams–in excess of forty pounds of the drug. During his plea colloquy, Davis acknowledged that he was facing a maximum forty-year term of imprisonment, and the court informed Davis of the severe sentencing possibilities before he entered his plea.

Following the guilty plea, the probation office completed Davis's Presentence Investigation Report and determined that he was responsible for 24.48 kilograms of methamphetamine. Davis objected to this calculation. At the sentencing hearing, the government witnesses testified about Davis's involvement in the conspiracy. The district court eventually concluded that for sentencing purposes, Davis was responsible for 14.95 kilograms of methamphetamine. Accordingly, the base offense level was calculated at thirty-six, and after adjustments, Davis's total offense level was set at thirty-three. The resulting sentencing range was 235-293 months imprisonment. The district court sentenced Davis to 240 months. On direct appeal, counsel submitted an Anders[2] brief challenging the drug-quantity issue, and we affirmed in an unpublished decision, finding that the district court did not clearly err in relying on the testimony of witnesses to determine drug quantity at the sentencing hearing. United States v. Davis, 22 F. App'x 654, 655 (8th Cir. 2001) (Davis I).

Davis filed this § 2255 motion alleging various things, but the two issues certified for appeal are two alleged instances of ineffective assistance of counsel. Davis contends that counsel failed to adequately advise him of the sentencing implications of pleading guilty, specifically that he might receive a longer sentence

---

[2]Anders v. California, 386 U.S. 738, 744 (1967) (holding that after examining the record and concluding that an appeal would be wholly without merit, counsel may file a brief informing the court of any point that arguably might support an appeal, and request permission to withdraw).

because he might be held accountable for more than 500 grams of methamphetamine. Davis also alleges that counsel improperly briefed the drug-quantity issue on direct appeal. By affidavit, Davis's trial and appellate counsel stated that he informed Davis of the statutory and sentencing guideline ranges before Davis pleaded guilty. Counsel also pointed out in the affidavit that he included the drug-quantity issue in the Anders brief. The district court denied the § 2255 petition, finding that counsel's actions were within the bounds of an objective standard of reasonableness, and that in any event, Davis could not establish prejudice.

## II.    DISCUSSION

We review the district court's denial of § 2255 relief de novo. Williams v. United States, 452 F.3d 1009, 1012 (8th Cir. 2006), cert. denied, 127 S. Ct. 2248 (2007). To show ineffective assistance of counsel in the context of a guilty plea, Davis must establish: (1) counsel's performance fell below the Strickland[3] standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

Davis cannot establish either prong of Hill because the record reflects that he was adequately advised of the possible sentencing consequences of pleading guilty. Not only did counsel advise him of the statutory minimum and maximum sentences, but on the record, the district court also explained that the maximum sentence was forty years, and that the mandatory minimum was five years. A defendant is not constitutionally entitled to more advice than this. United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999).

---

[3]Strickland v. Washington, 466 U.S. 668 (1984)

Further, the government explained at the plea hearing that it could prove Davis was responsible for more than 500 grams of methamphetamine. Davis now contends that he would not have pleaded guilty if he had known the government would try to attribute more than forty pounds of methamphetamine to him, but it is evident that the government explained this very fact to Davis at his plea hearing. So even if defense counsel's performance was somehow deficient by giving Davis a faulty sentencing prediction, Davis cannot establish that but for this error, he would not have pleaded guilty, but instead proceeded to trial. He was given all of the relevant information, and chose to plead guilty anyway. Davis therefore cannot establish Hill prejudice. 474 U.S. at 59.

Davis's second ineffective assistance allegation concerns the drug calculation issue on direct appeal. A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003). To establish a claim of ineffective assistance of counsel, Davis must demonstrate deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, it is clear that counsel *did* preserve the drug-quantity issue, and raised it on appeal, albeit in an Anders brief. Davis's argument in this regard is novel; he asserts that although counsel submitted an Anders brief, counsel effectively conceded that the drug-quantity issue was *not* frivolous because he fully briefed the issue. Accordingly, counsel should not have asked to withdraw under Anders because there was a nonfrivolous appellate issue. Adding to the novelty of the argument, Davis contends that the Davis I panel also did not treat the issue as frivolous because the court ruled against Davis on the merits of the issue, rather than merely dismissing the issue as frivolous. Because the issue was not frivolous, and was not treated as frivolous by either counsel or the court, Davis argues that the court violated his due process rights by ultimately allowing counsel to withdraw.

Even if we accept[4] the premise upon which Davis proceeds, he cannot prevail due to the rigors of Strickland's prejudice prong. There is no probability that the outcome of Davis's direct appeal would have been any different had counsel not asked to withdraw pursuant to Anders. Generally, when counsel submits an Anders brief, the court independently reviews the record for any nonfrivolous issue. Anders, 386 U.S. at 744 (noting that it is the duty of the court, not counsel, to review the record and ultimately decide whether the case is wholly frivolous). If the court finds a nonfrivolous issue, it will direct counsel to more fully brief the issue. Cf. United States v. Phillips, 390 F.3d 574, 576 (8th Cir. 2004) (noting that we denied the Anders motion to withdraw and directed counsel to more fully brief two issues). By his own argument, Davis concedes that his appellate counsel fully briefed the drug-quantity issue. His only complaint concerns the motion to withdraw. The court's usual remedy when confronted with a nonfrivolous issue in an Anders brief–order counsel to more fully brief the issue–was already accomplished in this case. Accordingly, Davis cannot establish prejudice.

## III.   CONCLUSION

We affirm the district court.

_____

_____

[4]On the other hand, there are numerous cases where counsel raised an issue in an Anders brief, we rejected the issue on the merits, and granted the motion to withdraw. E.g., United States v. Perales, 487 F.3d 588, 589 (8th Cir. 2007); United States v. Alatorre, 207 F.3d 1078, 1079 (8th Cir. 2000). This procedure may be a technical violation of Anders, but nothing more. Anders, 386 U.S. at 744. If a court gratuitously reviews an arguably frivolous issue on the merits instead of simply dismissing the case, a defendant is getting more process than he is due, rather than less. And to the extent that this ineffective assistance of counsel issue has morphed into the question of whether Davis's due process rights were denied because the Davis I panel incorrectly applied Anders, we agree with the government that this issue was not contained within the certificate of appealability and is not properly before us.