# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1489

_____

|  |  |  |
|---|---|---|
| | * | |
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Jennifer Corey Spikes, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 23, 2008
Filed: October 10, 2008

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

HANSEN, Circuit Judge.

Jennifer Corey Spikes appeals the sentence imposed after she entered a plea of guilty to one count of conspiracy to distribute and to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). She argues that the district court erred in calculating the appropriate

advisory sentencing range under the United States Sentencing Guidelines Manual (USSG) (2007). We reverse and remand for resentencing.

I.

Based on a tip from a confidential informant, law enforcement officers began investigating a narcotics trafficking conspiracy involving the purchase of methamphetamine in California and its distribution in Arkansas. The investigation included surveillance on July 28, 2006, that resulted in a traffic stop of a vehicle occupied by Spikes. She was found to be in possession of 175 grams of methamphetamine that she admitted she intended to distribute. She subsequently provided a statement of her role in the conspiracy, detailing her involvement in obtaining methamphetamine from a source in California and distributing it in central Arkansas from 2004 through her arrest in July 2006, and she identified others involved in the operation.

Spikes and other individuals were charged with a drug trafficking conspiracy. She pleaded guilty to one count of knowingly and intentionally conspiring to distribute methamphetamine and stipulated responsibility for a drug quantity of more than 5 kilograms but less than 15 kilograms of methamphetamine. The district court calculated her advisory Guidelines sentencing range based on an offense level of 33 and a category II criminal history, yielding a sentencing range of 151 to 188 months. The criminal history tally consisted of one point for a 2005 state-court conviction of third-degree domestic battery, see USSG § 4A1.1(c), and two additional points for committing the instant offense while under that criminal justice sentence, see USSG § 4A1.1(d).

Spikes objected to the two additional points under § 4A1.1(d), arguing that she was not under a "criminal justice sentence" as defined in the Guidelines at the time she committed the instant offense because the state court imposed only a fine. See USSG

-2-

§ 4A1.1(d), comment.(n.4) (noting that "a sentence to pay a fine, by itself, would not be included" as a criminal justice sentence). Absent those two additional points, her criminal history score would have placed her in category I with a lower advisory Guidelines sentencing range of 135 to 168 months of imprisonment. The district court overruled her objection, sentenced her as a category II offender with an advisory Guidelines range of 151 to 188 months, and stated, "I'm going to impose a sentence at the lower end of that range, 160 months." (Sent. Tr. at 43.) Spikes appeals.

II.

Spikes argues that the district court erred in calculating her advisory Guidelines range. We review a criminal sentence for reasonableness, "first ensur[ing] that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range," and then considering the sentence for substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007) (internal marks omitted); see United States v. Kowal, 527 F.3d 741, 747 (8th Cir. 2008) (reciting Gall's review procedure). A failure to properly calculate the advisory Guidelines range is a significant procedural error, and "[a] non-harmless error in calculating the guidelines range requires a remand for resentencing." United States v. Vickers, 528 F.3d 1116, 1120 (8th Cir. 2008); see also United States v. Leon-Alvarez, 532 F.3d 815, 818 (8th Cir. 2008) (reversing where the district court improperly refused to count a prior conviction in assessing criminal history points). We review for clear error the district court's findings of fact and apply *de novo* review to the district court's interpretation and application of the Guidelines. United States v. Phelps, 536 F.3d 862, 868 (8th Cir. 2008).

Spikes specifically contends that, in calculating her criminal history points, which in turn determines her criminal history category, the district court committed significant procedural error by adding two points on the ground that she was under a "criminal justice sentence" when she committed the instant offense. USSG

§ 4A1.1(d). Spikes argues that she was not under a "criminal justice sentence" within the meaning of the Guidelines at the time she was committing the conspiracy offense because, although she pleaded guilty and was convicted of the 2005 state-court domestic battery charge, her only sentence was a fine. See USSG § 4A1.1(d), comment. (n.4). Based upon a plain language reading of the relevant Guideline provisions, we agree.

Section 4A1.1(d) provides for an additional two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Guideline commentary indicates that "a 'criminal justice sentence' means a sentence countable under § 4A1.2 . . . having a custodial or supervisory component, although active supervision is not required." USSG § 4A1.1(d), comment. (n.4). That commentary further indicates by way of example that the imposition of a fine alone is not a "criminal justice sentence" within this definition. Id. ("For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included."). Because Spikes' only sentence was a fine, she was not under a "criminal justice sentence" within the meaning of the Guidelines when she committed the instant offense.

The Government argues that the district court correctly assessed the two additional criminal history points under § 4A1.1(d) after considering not only the imposition of the fine but also that the state court had deferred the prosecution of Spikes' case for nearly a year on the conditions that she attend a 14-week anger management class and commit no further criminal conduct. If those conditions were met, her case would be dismissed. When she did not complete the course in the required time, she entered a guilty plea and was fined. The district court reasoned that the conditions of the deferred prosecution were sufficiently supervisory that we would find the outcome of this case controlled by our prior decision in United States v.

Perales, 487 F.3d 588, 589 (8th Cir. 2007) (applying the additional two criminal history points in a deferred judgment context with supervisory-type conditions).

We conclude, however, that the plain language of the Guidelines does not permit an extension of the holding of Perales to the facts of the present case. The Guidelines provide that to be countable in assessing the additional two criminal history points, a prior sentence must have been "imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere." USSG § 4A1.2(a)(1); see also USSG § 4A1.1(d), comment. (n.4) (stating that to be a criminal justice sentence, the prior sentence must be countable under § 4A1.2). Also, the Guidelines expressly state that a "[d]iversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted." USSG § 4A1.2(f).

In Perales, the defendant had entered a guilty plea and received an 18-month deferred judgment, which imposed several supervisory-type conditions. Id. We held that this sentence was countable for the additional two points because it had "the necessary 'supervisory component' to constitute a 'criminal justice sentence'" under § 4A1.1(d). Id. Of significance here, Spikes' state-court *prosecution* was deferred with conditions. She did not plead guilty until after it was clear she had not met the conditions for dismissal. This deferred prosecution with the possibility of a dismissal if she completed the anger management class and committed no further criminal conduct was merely a carrot on a stick attempting to lead her to the goal of lawful behavior, and when it failed, the case proceeded to an adjudication of guilt followed by the imposition of sentence–a fine. The conditions of the deferred prosecution were supervisory in the sense that she would need to demonstrate to the court that the conditions had been met in order to obtain the desired dismissal, but they cannot be characterized as a sentence. For a sentence to be imposed, there first must be some adjudication or admission of guilt, as was present in the facts of Perales. See 487 F.3d at 589.

The Government asserts that because Spikes' deferred prosecution failed, the timing of her guilty plea is not material to determining whether she was under a criminal justice sentence.[1] On the record before us, we must respectfully disagree. The conditions under which she obtained a deferred prosecution for a time were not incorporated into her sentence after she entered her plea of guilty. Her only sentence was a fine. Neither the holding of Perales nor the express language of the Guidelines permit us to count a deferred prosecution with conditions that could lead to a dismissal prior to the entry of a guilty plea as a "criminal justice sentence." The district court committed an error of law in calculating Spikes' criminal history category by assessing two additional criminal history points under § 4A1.1(d), for committing the instant offense while under a criminal justice sentence, because the only sentence she was under was a fine.

The Government argues that this error is harmless. Because Spikes objected to the calculation of her criminal history points, an examination for harmlessness is appropriate. See United States v. Johnston, 533 F.3d 972, 978 (8th Cir. 2008); United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). Significant to our analysis is that the Government bears the burden of persuasion to demonstrate that the error was harmless, that is, that the error did not affect Spikes' substantial rights. See United States v. Gianakos, 415 F.3d 912, 923 n.6 (8th Cir.), cert. denied, 546 U.S. 1045 (2005); see also United States v. Bah, 439 F.3d 423, 430 (8th Cir. 2006) ("The party benefitting from the error has the burden to prove that it was harmless." (internal

_____

[1]At oral argument, the Government attempted to argue for the first time that the original conditions for the deferred prosecution continued in effect after the defendant's guilty plea, rendering Spikes subject not only to the fine but also to the conditions that persisted until fulfilled at some point after the entry of her guilty plea. We will not address this belated argument. See United States v. Lewis, 519 F.3d 822, 825 (8th Cir.) (holding an argument not raised before the district court or in the appeal brief is waived), cert. denied, No. 07-11466, 2008 WL 2463889 (U.S. Oct. 6, 2008).

marks omitted)). We conclude that the Government cannot meet that burden in this case.

The Government argues that the error is harmless because the district court stated that the range used here "results in a reasonable and fair sentence," (Sent. Tr. at 42), and because the 160-month sentence imposed also falls within the lower advisory Guidelines range (135 to 168 months) urged by Spikes. A general statement that a Guidelines range results in a fair sentence "is not detailed enough to support a finding of harmless error." United States v. Icaza, 492 F.3d 967, 970 (8th Cir. 2007). We have long recognized that "[i]f the sentence imposed falls within the guideline range urged by the appellant and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed, there can be no reversible error in the sentence." United States v. Harris, 390 F.3d 572, 573 (8th Cir. 2004) (internal marks omitted). Cf. Icaza, 492 F.3d at 971 (holding that where a sentencing court pronounces an identical alternative sentence, the error in calculating the Guidelines range is harmless only if it is clear "that the alternative sentence is based on an identifiable, correctly calculated guidelines range"); Bah, 439 F.3d at 431-32 (same).

In this case, the district court did not articulate any alternative sentence, and there is no clear indication on the record that the district court would have imposed the same sentence if Spikes' legal argument had prevailed. In rejecting Spikes' legal argument, the district court indicated, "I think if I were you representing her, I would be making the same judgment." (Sent. Tr. at 10.) The court nevertheless added the two extra criminal history points, expressing the view, now shown to be error, that the Eighth Circuit would extend the precedent set forth in the Perales opinion to cover the facts of this case. Then, beginning with that improperly calculated advisory Guidelines range, the district court stated, "I'm going to impose a sentence at the lower end of that range, 160 months." (Sent. Tr. at 43.) The district court did not state whether it would have chosen the same 160-month sentence if faced with a properly

calculated advisory range of 135 to 168 months, and if the court had intended to impose "a sentence at the lower end" of the appropriately calculated range, Spikes' sentence would be significantly less than 160 months. Thus, the error affected her substantial rights. Remand for resentencing is necessary because "it is not clear to us that the same sentence would have been imposed had the correct guidelines range been applied." United States v. Onwumere, 530 F.3d 651, 655 (8th Cir. 2008). Because we find a nonharmless, significant procedural error, we do not reach the issue of whether the sentence is substantively reasonable.

Accordingly, we reverse and remand for resentencing.

_____