# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1313

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Israel John Patrick Davis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 28, 2010
Filed: February 3, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Israel John Patrick Davis pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. After granting the government's substantial-assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the district court[1] sentenced Davis below the mandatory term of life in prison to 204 months in prison and 5 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S.

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

738 (1967), and has moved to withdraw. In a pro se supplemental brief, Davis requests new counsel, and argues that counsel rendered ineffective assistance in the district court proceedings below and in this appeal.

Davis entered his guilty plea pursuant to a written plea agreement that contains (1) a waiver of his right to appeal the district court's entry of judgment, except for the right to appeal an upward departure, and (2) a waiver of his right to bring postconviction proceedings, except for a claim of ineffective assistance of counsel. We will enforce the appeal waiver in this appeal, because the record shows that Davis entered his plea voluntarily, with full knowledge of and consent to the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case).

We reject as meritless Davis's argument that counsel was ineffective in this appeal, because he cannot demonstrate the requisite prejudice from counsel's alleged deficiencies. See United States v. Davis, 508 F.3d 461, 463-64 (8th Cir. 2007) (defendant did not establish prejudice where counsel tendered Anders brief, because appellate court reviews record and will order full briefing of any nonfrivolous issues). Davis's claim that counsel rendered ineffective assistance during the proceedings below should be raised (if at all) in proceedings under 28 U.S.C. § 2255, which Davis reserved the right to do. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we deny Davis's request for new appellate counsel; we grant counsel's motion to withdraw; and we dismiss this appeal.

_____