# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1557

_____

United States of America

*Plaintiff - Appellee*

v.

Lou Val Owens

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 21, 2012
Filed: October 12, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lou Val Owens pled guilty to one count of aggravated identity theft in violation of 18 U.S.C. § 1028A and one count of identity theft in violation of 18

U.S.C. § 1028(a)(7). The district court[1] sentenced him to 24 months' imprisonment on each count, to be served consecutively. Owens argues in this appeal that the district court improperly calculated his criminal history category under the United States Sentencing Guidelines by using the incorrect time period for determining which of his past convictions counted toward his criminal history point total. For the reasons discussed below, we affirm.

In October 2010, Owens sought disability benefits from the Social Security Administration for an inability to work based on mental disability. During an ensuing investigation, investigators found that Owens had multiple arrests under different identities. One of the identities Owens used was that of D.L., a ten-year-old child. Owens used D.L's identity to obtain an Illinois driver's license in 2002–his earliest, but not last, use of this identity. After being indicted on one count of aggravated identity theft and one count of identity theft, Owens voluntarily surrendered to the U.S. Marshal's Service on August 29, 2011.

Owens pled guilty to the charges in the two-count indictment pursuant to a written plea agreement. The parties agreed on a total offense level of 10. At sentencing, however, the parties disputed Owens's criminal history category. The Government argued that the relevant conduct in the instant offense began in 2002, when Owens used D.L.'s identity to obtain an Illinois driver's license, resulting in a criminal history category of V and an advisory guidelines range of 21-27 months' imprisonment. Owens argued that the relevant conduct did not begin until 2006 when he learned that D.L's identity belonged to an actual person. *See Flores-Figueroa v. United States*, 556 U.S. 646, 657 (2009) (holding that with respect to aggravated identity theft the government must prove that the defendant knew the identity at issue belonged to an actual person). He contended that using 2006 as the beginning of the

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

relevant conduct would result in a criminal category of IV and a sentencing guidelines range of 15-21 months. This is because, as Owens argues, his 1993 domestic violence conviction would have fallen outside the ten-year time frame for assessing criminal history points for prior convictions. *See* U.S.S.G. § 4A1.1, Application Note 3 (explaining that under § 4A1.1(c), "[a] sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted"). Thus, Owens argues, had the district court used his proposed starting point for calculating his criminal history, he would have had insufficient criminal history points for a criminal history category of V. The district court agreed with the Government, determined that Owens had a criminal history category of V, and sentenced him to 24 months' imprisonment on each count, to be served consecutively. *See* 18 U.S.C. § 1028A (requiring a consecutive 24-month sentence). On appeal, Owens renews his argument that the district court improperly calculated his criminal history category by using 2002, rather than 2006, as the beginning point of the relevant conduct for the instant offense.

Normally, "[w]hen reviewing the district court's imposition of a sentence, we review 'de novo the district court's interpretation and application of the sentencing guidelines and statutes, and its fact-findings for clear error.'" *United States v. Barrientos*, 670 F.3d 870, 873 (8th Cir. 2012) (quoting *United States v. Resinos*, 631 F.3d 886, 887 (8th Cir. 2011) (en banc) (per curiam)). However, "[w]e have stated that '[w]hen the guidelines are incorrectly applied, we remand for resentencing unless the error was harmless.'" *United States v. Bah*, 439 F.3d 423, 431 (8th Cir. 2006) (quoting *United States v. Idriss*, 436 F.3d 946, 951 (8th Cir. 2006)). Because Owens objected to the calculation of his criminal history points, "an examination for harmlessness is appropriate." *United States v. Spikes*, 543 F.3d 1021, 1025 (8th Cir. 2008). "Significant to our analysis is that the Government bears the burden of persuasion to demonstrate that the error was harmless, that is, that the error did not affect [Owens's] substantial rights." *Id.* (citing *United States v. Gianakos*, 415 F.3d 912, 923 n.6 (8th Cir. 2005)).

Here, even if we assume the court erred in using 2002 as the beginning of the relevant conduct for the instant offense, the error is harmless because Owens still ultimately would have a criminal history category of V and his sentencing guidelines range would remain the same. Section 4A1.1 provides the formula for calculating an offender's criminal history category. The relevant portion of that formula states:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), *up to a total of four points for this subsection.*

U.S.S.G. § 4A1.1(a)-(c) (emphasis added). In this case, the district court identified convictions sufficient for five criminal history points under § 4A1.1(c). It is undisputed that Owens had six criminal history points resulting from two convictions with sentences qualifying under § 4A1.1(a). If the four-point cap from § 4A1.1(c) did not apply, Owens would have a total of eleven criminal history points. Instead, the district court properly applied the cap, resulting in a total of ten points and a criminal history category of V.

Had the district court concluded that the relevant conduct in this case began in 2006, as Owens asserts and we assume to be correct, Owens's 1993 conviction for domestic battery, which previously qualified for one point under § 4A1.1(c), now would fall outside the time period used in the criminal history calculation. *See* U.S.S.G. § 4A1.1(c), Application Note 3. However, the unchallenged conviction resulting in a fifth point that previously had been excluded due to the § 4A1.1(c) four-point cap now would be included as the fourth point, again resulting in a total of ten criminal history points and a criminal history category of V. Because Owens's criminal history category and sentencing guidelines range would be the same regardless of which time period the district court used, the alleged error did not affect

his substantial rights.  Therefore, even if we assume that there was error, it was harmless.[2]

For the reasons stated above, we affirm.

_____

---

[2]Owens does not  challenge the substantive reasonableness of his sentence, so we need not address the issue here.  *See United States v. Hagen*, 641 F.3d 268, 272 n.2 (8th Cir. 2011).