# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3133
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Dwight Sholley-Gonzalez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 2, 2022
Filed: March 7, 2022
[Published]
_____

Before SMITH, Chief Judge, WOLLMAN, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Justin Sholley-Gonzalez appeals the sentence imposed by the district court[1] following this court's remand for resentencing on his conviction for firearm offenses.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

On appeal, Sholley-Gonzalez argues that the district court erred in calculating his Guidelines range and imposed a substantively unreasonable sentence.

Upon careful review, we conclude the district court did not clearly err in finding that Sholley-Gonzalez was not entitled to a reduction for possessing the ammunition for a lawful sporting purpose, see U.S.S.G. § 2K2.1(b)(2) (if the defendant possessed all ammunition and firearms solely for lawful sporting purposes or collection, decrease the offense level to 6); United States v. Lussier, 423 F.3d 838, 842-43 (8th Cir. 2005) (application of the Guidelines is reviewed de novo and factual findings are reviewed for clear error; it is defendant's burden to show he possessed all ammunition and firearms solely for lawful sporting purposes); and we note that any error in the court's determination was harmless in any event, as the court stated it would have given Sholley-Gonzalez the same sentence even if it had found the reduction applied, see United States v. Shuler, 598 F.3d 444, 447 (8th Cir. 2010) (procedural errors in determining advisory Guidelines range are subject to harmless error analysis); United States v. Spikes, 543 F.3d 1021, 1025-26 (8th Cir. 2008) (where it is clear that sentencing court would have imposed same sentence regardless of whether appellant's argument for lower Guidelines range ultimately prevailed, there can be no reversible error in sentence).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a), and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

Accordingly, we affirm.

_____