United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3533

_____

United States of America

*Plaintiff - Appellee*

v.

Antoine Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 26, 2022
Filed: July 13, 2022
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Antoine Smith appeals the sentence imposed by the district court[1] after he pleaded guilty to a firearm offense. On appeal, Smith argues that the district court

_____

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

erred in calculating his Guidelines range and imposed a substantively unreasonable sentence.

Upon careful review, we conclude the district court did not err in finding that Smith possessed the firearm in connection with another felony offense, see United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo; factual findings are reviewed for clear error); and we note that any error in the court's determination was harmless in any event, as the court indicated it would have given Smith the same sentence regardless of the enhancement, see United States v. Shuler, 598 F.3d 444, 447 (8th Cir. 2010) (procedural errors in determining advisory Guidelines range are subject to harmless error analysis); United States v. Spikes, 543 F.3d 1021, 1025-26 (8th Cir. 2008) (where it is clear that sentencing court would have imposed same sentence regardless of whether appellant's argument for lower Guidelines range ultimately prevailed, there can be no reversible error in sentence).

We also conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a), and did not err in weighing the relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); see also United States v. Waters, 799 F.3d 964, 975 (8th Cir. 2015) (this court presumes district court adequately considered written and oral arguments presented by defendant).

Accordingly, we affirm.

KELLY, Circuit Judge, dissenting.

For the first time on appeal, Smith argues the district court did not find that he was fleeing police—as opposed to trying to flee—at the time of his arrest. Smith contends the district court therefore erred by imposing the four-level enhancement under USSG § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense.

Under Missouri law, "[w]hen guilt for a felony or misdemeanor is based upon an attempt to commit that offense, the felony or misdemeanor shall be classified one step lower than the class provided for the felony or misdemeanor in the statute creating the offense." Mo. Rev. Stat. § 562.012.3. Because felony resisting arrest is a class E felony (the lowest level felony), attempting resisting arrest would be a class A misdemeanor. See Mo. Rev. Stat. § 575.150. A class A misdemeanor in Missouri carries a maximum of no more than one year in prison, id. § 558.011(1)(6), and would not qualify as "another felony offense" under the Guidelines. Without this enhancement, Smith's Guidelines range would have been 30 to 37 months' imprisonment rather than 46 to 57 months' imprisonment.

It is not clear whether the district court made a factual finding as to whether Smith fled or merely attempted to flee, and the record does not compel a conclusion one way or another. Though we review for plain error, United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019), resolving Smith's argument on appeal requires additional factual development. Given the potential impact on the applicable Guidelines range, I would remand this case to the district court for factual findings regarding whether Smith fled or attempted to flee. Cf. United States v. Traylor, 840 F. App'x 894, 895 (8th Cir. 2021) (reviewing motion to suppress for plain error and remanding for additional factual findings by district court).

I also note that the 55-month sentence imposed is significantly outside the 30-to-37-month Guidelines range that would apply without the § 2K2.1(b)(6)(B) enhancement. In my view, the district court's conclusory statement that it would impose the same sentence even if Smith's objection to the enhancement prevailed—and thus the applicable Guidelines range was lower—is insufficient to conclude any possible error is harmless. See Spikes, 543 F.3d at 1025 ("We have long recognized that '*if the sentence imposed falls within the guideline range urged by the appellant and* if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed, there can be no reversible error in the sentence.'" (cleaned up) (emphasis added) (quoting United States v. Harris, 390 F.3d 572, 573 (8th Cir. 2004))); see also Molina-Martinez v. United States, 578 U.S. 189, 198–201 (2016) (holding that procedural error in calculating the Guidelines range in the "ordinary case" will satisfy a defendant's burden of showing prejudice).

Respectfully, I dissent.

_____