United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 97-3072MN

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| James Donald Bausch, | * | |
| | * | |
| Appellant. | * | |

————————

Submitted:  February 10, 1998
Filed:  March 25, 1998

————————

Before FAGG and MURPHY, Circuit Judges, and SMITH,[*] District Judge.

————————

FAGG, Circuit Judge.

Using a camera made in Japan, James Donald Bausch took pictures of two girls, aged fifteen and sixteen, depicting "the girls in nude poses including exposed genitals, sexually suggestive scenes, and scenes simulating oral sex."  (Presentence Report at 1.)  The girls were models for Bausch's drawings, and Bausch used the photographs in the girls' absence.  After the grandmother of one of the girls called the authorities, Bausch was convicted of possessing three or more photographs of minors engaged in

—————————

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, sitting by designation.

sexually explicit conduct, see 18 U.S.C. § 2252(a)(4)(B) (1994), which includes both actual or simulated oral sex, see id. § 2256(2)(A), and "lascivious exhibition of the genitals or pubic area," id. § 2256(2)(E). The district court sentenced Bausch to probation. Bausch appeals his conviction, challenging the constitutionality of § 2252(a)(4)(B). We reject Bausch's Commerce Clause and First Amendment arguments and affirm.

Bausch first contends Congress exceeded its authority to regulate commerce among the States when it enacted § 2252(a)(4)(B), making intrastate possession of child pornography a federal crime. See U.S. Const. Art. I, § 8, Cl. 3. According to Bausch, Congress lacks power to regulate the possession of sexually explicit photographs of minors when the photographs have not traveled in interstate commerce and are not intended to be placed in commerce. We review the constitutionality of the statute de novo. See United States v. Crawford, 115 F.3d 1397, 1400 (8th Cir.), cert. denied, 118 S. Ct. 341 (1997).

The Commerce Clause gives Congress power to regulate three types of activity: (1) use of the channels of interstate commerce; (2) instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) activities that substantially affect interstate commerce. See United States v. Lopez, 514 U.S. 549, 558-59 (1995). Section 2252(a)(4)(B) is a proper exercise of Congress's commerce power under the third category. See United States v. Robinson, No. 97-1523, 1998 WL 78807, at *4 (1st Cir. Mar. 2, 1998).

Section 2252(a)(4)(B) prohibits the knowing possession of three or more "books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction [of minors engaged in sexually explicit conduct] . . . that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported . . . ."

The statute contains an express jurisdictional element requiring the transport in interstate or foreign commerce of the visual depictions or the materials used to produce them. See Robinson, 1998 WL 78807, at *4; see also United States v. Lacy, 119 F.3d 742, 749 (9th Cir. 1997); United States v. Kimbrough, 69 F.3d 723, 729 (5th Cir. 1995), cert. denied, 116 S. Ct. 1547 (1996). Thus, the statute ensures, through a case-by-case inquiry, that each defendant's pornography possession affected interstate commerce. See Robinson, 1998 WL 78807, at *4; see also Lopez, 514 U.S. at 561. In this case, the jury found Bausch took the photographs using a Japanese camera that had been transported in interstate or foreign commerce. See Robinson, 1998 WL 78807, at *1 (use of camera and film made in another state satisfies Commerce Clause). We conclude § 2252(a)(4)(B) is not beyond Congress's commerce power, and thus is not facially unconstitutional. See id.

Bausch next asserts § 2252(a)(4)(B) violates the First Amendment as applied in his case. Because he possessed the photographs for artistic purposes, Bausch argues the statute should be narrowly construed to exclude him from its reach. See United States v. Lamb, 945 F. Supp. 441, 449 (N.D.N.Y. 1996). Bausch did not raise his First Amendment claim in the district court, so we can reverse his conviction on this ground only on a showing of plain error. See United States v. White, 890 F.2d 1033, 1034-35 (8th Cir. 1989); United States v. Baucum, 80 F.3d 539, 541 & n.2 (D.C. Cir.), cert. denied, 117 S. Ct. 204 (1996); United States v. McKenzie, 99 F.3d 813, 817 (7th Cir. 1996).

It is questionable whether Bausch's photographs are works with redeeming artistic value. See United States v. X-Citement Video, Inc., 513 U.S. 64, 84 (1994) (material covered by § 2252 is not the artistic, but "hard-core pornography") (Scalia, J., dissenting). Bausch does not assert the photographs themselves are art, and their value as an aid to create artwork is more limited and remote than art itself. In any event, we doubt the First Amendment protects the possession of photographs showing

minors engaged in sexually explicit conduct as defined in § 2256 even if the photographs have redeeming artistic value.

We are aware the First Amendment protects nonobscene, sexually explicit material involving adults, see X-Citement Video, 513 U.S. at 72, and sexually explicit material involving adults is not obscene if it has serious artistic value, see Miller v. California, 413 U.S. 15, 24 (1973). When sexually explicit material depicts minors, however, the First Amendment offers less protection. See New York v. Ferber, 458 U.S. 747, 756-64 (1982). The government has greater leeway to regulate child pornography because the government has a "more compelling interest in prosecuting those who promote the sexual exploitation of children." Id. at 761; see United States v. Knox, 32 F.3d 733, 749-50 (3d Cir. 1994). Thus, the Supreme Court has held a statute prohibiting the production and distribution of materials showing minors engaged in "'actual or simulated sexual intercourse . . . or lewd exhibition of the genitals'" is not facially overbroad. See Ferber, 458 U.S. at 765 (quoting statute). In so holding, the Court said any overbreadth "should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." Id. at 773-74. Nevertheless, the Court cast considerable doubt on the viability of an as-applied challenge like the one in this case. The Court observed, "The value of permitting . . . photographic reproductions of children engaged in lewd sexual conduct is exceedingly modest, if not de minimis," id. at 762, and "if it were necessary for . . . artistic value, a person over the statutory age who perhaps looked younger could be utilized," id. at 763. The Court stressed that even if some child pornography has artistic value, the material's artistic value is irrelevant to the victimized child. See id. at 761. In her concurrence, Justice O'Connor went further, suggesting "the Constitution might in fact permit [the government] to ban knowing distribution of works depicting minors engaged in explicit sexual conduct, regardless of the social value of the depictions." Id. at 774. On the other hand, three other Justices said the First Amendment protects artistic, sexually explicit depictions of children. See id. at 776 (Brennan and Marshall, JJ., concurring), 778 (Stephens, J., concurring). And in a more recent case, the Court

upheld a statute that prohibited mere possession of material showing a nude minor when the minor's nudity is "a lewd exhibition or involves a graphic focus on the genitals," <u>see</u> <u>Osborn v. Ohio</u>, 495 U.S. 103, 113 (1990), but the statute contained an exception for material possessed for legitimate artistic purposes, <u>see</u> <u>id.</u> at 106.

We need not resolve any general issue today. Because it is unclear that application of § 2252(b)(4)(B) to Bausch violated the First Amendment, the district court's failure to address the First Amendment issue on its own accord is not plain error.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.