# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLIAM HENRY WHITE,

*Defendant-Appellant.*

No. 00-4497

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-99-177-H)

Submitted: November 30, 2000

Decided: January 22, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Ronnie M. Mitchell, Coy E. Brewer, Jr., Michelle L. Treadwell, MITCHELL, BREWER, RICHARDSON, ADAMS, BURNS & BOUGHMAN, Fayetteville, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William Henry White appeals his conviction after a jury trial of knowing possession of three or more images of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 1998) (current version at 18 U.S.C.A. § 2252A (West 2000)). White asserts that the statute is unconstitutional under the First, Fifth, and Eighth Amendments and the Commerce Clause. He also contends that the evidence was insufficient to convict him. We affirm.

### I.

First, White contends that the district court erred in denying his motion to dismiss the indictment on the ground that §§ 2252A(a)(5)(B) and 18 U.S.C.A. § 2256(8)(B) (West Supp. 1998), violate the First Amendment because the Government's interest in combating the use of images that "appear[ ] to be" children is not compelling and because those sections are impermissibly vague and overbroad. We rejected these arguments in *United States v. Mento*, 231 F.3d 912 (4th Cir. 2000). White therefore is not entitled to relief on these grounds.

White also alleges that his privacy rights under the First Amendment have been violated. We find that his reliance on *Stanley v. Georgia*, 394 U.S. 557 (1969), is misplaced. White was not prosecuted for merely possessing in his home photographs depicting child pornography. Rather, the Government charged him with, and the jury convicted him of, knowing possession of child pornography that was transported in interstate commerce. Because the Supreme Court consistently has rejected constitutional protection for obscene material outside the home, we find that White's privacy claim fails. *See Osborne v. Ohio*, 495 U.S. 103, 108-10 (1990) (citing *New York v. Ferber*, 458 U.S. 747, 756-58 (1982)); *United States v. Orito*, 413 U.S. 139, 140-42 (1973) (collecting cases).

Next, White argues that he was convicted of a strict liability crime, without the requisite proof that he knew the pornographic pictures depicted minors, in violation of the Due Process Clause of the Fifth Amendment. We reject his claim. Section 2252A(a)(5)(B) requires that White know the pictures depicted minors, *see United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (rejecting similar argument in context of 18 U.S.C. § 2252), and our review of the record leads us to conclude that the Government proved that element at trial. To the extent White alleges that we should read into § 2252A(a)(5)(B) a "wilfulness" requirement, his allegation is foreclosed by our decision in *United States v. Matthews*, 209 F.3d 338, 350-52 (4th Cir.) (holding that 18 U.S.C. § 2252(a)(1), (2) did not violate due process where "Congress settled on 'knowingly' as the required mental state"), *cert. denied*, 121 S. Ct. 260 (2000).

White also argues that the twenty-one-month sentence imposed by the district court was disproportionate to his offense and thus violates the Eighth Amendment. It is well settled that proportionality review is not appropriate for any sentence less than life imprisonment without the possibility of parole. *United States v. Kratsas*, 45 F.3d 63, 67 (4th Cir. 1995).

Finally, White argues that the interstate commerce nexus requirement in § 2252A(a)(5)(B) does not satisfy the Commerce Clause. We find his arguments unavailing. *See United States v. Bausch*, 140 F.3d 739, 740-41 (8th Cir. 1998) (upholding 18 U.S.C. § 2252(a)(4)(B) in face of Commerce Clause challenge), *cert. denied*, 525 U.S. 1072 (1999); *United States v. Robinson*, 137 F.3d 652, 655-56 (1st Cir. 1998) (same).

## II.

White also challenges his conviction on the ground that the district court erred by denying his motion for judgment of acquittal under Fed. R. Crim. P. 29. We review the district court's decision de novo. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (citations omitted), *cert. denied*, 525 U.S. 1141 (1999). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable

to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Specifically, White contends that "the Government offered absolutely no evidence that any of the materials in question were mailed, shipped, or transported in interstate commerce." (Appellant's Br. at 10). Our review of the trial transcript leads us to conclude that the Government established the interstate commerce element of the offense. White used America OnLine, an Internet service provider, to access a newsgroup, from which he downloaded and viewed 173 depictions and four short movies of child pornography. "Transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce." *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997); *see United States v. Thomas*, 74 F.3d 701, 706-09 (6th Cir. 1996) (finding interstate commerce element in 18 U.S.C. § 1465 satisfied where pornographic material sent via the Internet). We therefore find that the evidence was sufficient and that the district court did not err in denying White's Rule 29 motion.

### III.

Because we hold that White's constitutional challenges fail and that the evidence was sufficient to convict, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*