# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1354WA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Arkansas. |
| Roy Adrin Hoggard, II, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2001
Filed: June 22, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit
Judges, and TUNHEIM,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


Roy Adrin Hoggard has been convicted by a jury on eight counts of permitting
minor children to engage in sexually explicit conduct for the purpose of producing a
visual depiction, in violation of 18 U.S.C. § 2251(b) and 18 U.S.C. § 2. The District

_____

[1]The Hon. John R. Tunheim, United States District Judge for the District of
Minnesota, sitting by designation.

Court[2] sentenced Mr. Hoggard to thirty years in prison (360 months), with supervised release to follow for three years.  Mr. Hoggard appeals, urging two points.

First, the District Court denied the defendant's motion to suppress evidence obtained during a search of his car.  It is undisputed that the car was lawfully stopped for speeding.  The officer who made the stop asked the defendant if he could look in the car.  The defendant said that he could, and asked if the officer would like to start with the trunk.  The defendant then opened the trunk.  A small safe was seen inside.  The officer asked if he could look inside the safe, and the defendant said yes.  The defendant himself then opened the safe and lifted up the lid.  At that point, he said, "wait a minute," "there's some pictures of my wife inside the safe."  In reply, the officer said, "I'm not looking for any pictures, I'm just looking for contraband."  The defendant then said, "Okay," and the officer opened the safe and examined its contents.  Among them were photographs depicting children in sexually explicit poses, including a woman, who turned out to be Mr. Hoggard's wife, engaging in various sex acts with two small children, who were the Hoggards' children.  On the basis of these and other photographs, the defendant was convicted of the violation described above.

Was the search of the safe lawful?  We think the answer is yes.  The defendant gave his consent, but he claims he did not do so knowingly and voluntarily.  The officer misled the defendant, it is argued, by assuring him that pictures were not among the items to be searched for.  We disagree with this argument.  At the time, no doubt, the officer had in mind guns or drugs, not photographs.  But, when photographs that could informally, at least, be described as "contraband" were discovered, we do not think that the officer was bound to ignore them.  The defendant well knew what was inside the safe.  He knew what he was doing when he gave his consent, and no coercion was

---

[2]The Hon. Robert T. Dawson, United States District Judge for the Western District of Arkansas.

involved. Perhaps the defendant did believe that he would be safe from any censure on account of the photographs, but this erroneous belief, even if based upon an arguable interpretation of the officer's words, is not, in our view, a sufficient reason to render the defendant's consent either involuntary or unknowing.

An argument is also presented with respect to the constitutionality of the federal statute under which defendant was convicted. The statute, as amended in 1998, provides in pertinent part:

> Any parent or . . . person having custody or control of a minor who knowingly permits such minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished as provided under subsection (d) of this section . . . if that visual depiction was produced using materials that have been . . . transported in interstate . . . commerce . . ..

18 U.S.C. § 2251(b). The statute contains an explicit jurisdictional nexus. It is not simply permitting minor children to engage in sexually explicit conduct for the purpose of producing a visual depiction that is prohibited. The government must also show that the picture was produced using materials (here, film and a camera) that had been transported in interstate commerce. It is undisputed that the defendant took the pictures in question.

This jurisdictional nexus is sufficient to place the statute beyond constitutional attack, and this Court has so held in a very similar case, United States v. Bausch, 140 F.3d 739 (8th Cir. 1998), cert. denied, 525 U.S. 1072 (1999), involving 18 U.S.C. § 2252A(a)(4)(B), which makes it a crime knowingly to possess with the intent to sell any child pornography that was produced using materials that had been shipped in interstate commerce. The defendant cites United States v. Morrison, 529 U.S. 598

(2000), and <u>United States v. Lopez</u>, 514 U.S. 549 (1995), in both of which cases the Supreme Court invalidated statutes as falling outside the authority conferred upon Congress by the Commerce Clause. In neither of those cases, however, did the statute involved contain an express jurisdictional element, requiring the government to prove, in each case, a concrete connection with interstate commerce. This panel is bound by the reasoning of <u>Bausch</u>, and we therefore must reject the defendant's Commerce Clause challenge.

For these reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.