**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-7869

WILLIAM G. HARDEN,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-93-129, CA-99-4235-3-10)

Submitted: July 31, 2002

Decided: September 3, 2002

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

William G. Harden, Appellant Pro Se. Dean Arthur Eichelberger,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William G. Harden appeals the district court's order denying his 28 U.S.C. § 2255 (2000) motion. Harden is currently serving a sentence for knowingly possessing photographs of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (2000), and possessing counterfeit securities with the intent to deceive other persons and organizations, in violation of 18 U.S.C. § 513(a) (2000). We have carefully considered the record and the arguments on appeal, and we find that Harden has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)-(2) (2000); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, we deny a certificate of appealability and dismiss for the following reasons.

I.

To obtain this court's review, Harden needs to acquire a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability must be based on the denial of a constitutional right; disputes about statutory questions are insufficient to support the issuance of such a certificate. *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001). Thus, our review focuses only on Harden's constitutional claims, which we analyze to determine if Harden has made a substantial showing of the denial of a constitutional right.

II.

Harden first contends that the trial court never gained personal jurisdiction over him because the writ of habeas corpus ad prosequendum issued to obtain his presence for arraignment was defective. According to Harden, the writ was addressed to the warden of the wrong state prison.

Writs of habeas corpus ad prosequendum are authorized by 28 U.S.C. § 2241(c)(5) (2000). The writ allows a summoning jurisdiction to order a prisoner being held in another jurisdiction to appear and

answer charges against him. The writ enables the United States "to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989).

However, prisoners have no standing to challenge transfers between sovereigns or to challenge the issuance of a writ of habeas corpus ad prosequendum. *Derengowski v. U.S. Marshal*, 377 F.2d 223, 223 (8th Cir. 1967). The prohibition also bars prisoners from challenging the operation of writs. *Id.* at 224. Moreover, even if a prisoner's transportation were violative of his rights, any violation would not affect the trial court's jurisdiction to try him for the offense. *United States v. Wilson*, 721 F.2d 967, 972 (4th Cir. 1983). Thus, Harden has no standing to challenge the issuance or operation of the writ of habeas corpus ad prosequendum in his case. We conclude, therefore, that there was no error, constitutional or otherwise, to support the issuance of a certificate of appealability.

## III.

Harden next asserts various claims of ineffective assistance of counsel. In order to succeed on a claim of ineffective assistance, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The reviewing court must not engage in hindsight; rather, the reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged error. *Id.* at 690. To satisfy the second prong of *Strickland*, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

In his brief, Harden lists over fifteen actions or inactions by his attorney that he asserts constituted ineffective assistance. He does not, however, analyze the actions in light of prevailing professional norms and identify how they were unreasonable. Moreover, Harden cannot show prejudice from any of these alleged errors. Harden admits his guilt to the charges, and he was sentenced in the middle of a guideline range that he does not seriously challenge as improperly calculated. Thus, even accepting Harden's present contentions that his attorney's

assistance was unprofessional, he cannot show that the result of his proceeding would have been different had his attorney acted otherwise. As such, he has shown no error of constitutional magnitude.

IV.

Harden's argument that he received ineffective assistance of appellate counsel is based on the belief that we wrongly decided his direct appeal. He essentially contends that if his attorney had cited different cases and filed a petition for rehearing, Harden's appeal would have been successful. Because Harden cites no intervening change in the law, he cannot challenge this court's ruling on his direct appeal.

V.

Harden contends that, because this court found on direct appeal that the trial court was required to impose a consecutive sentence, his guilty plea was involuntary as he was not informed of this requirement prior to his plea. To be constitutionally valid, a guilty plea must be informed and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). We find that there was no error of constitutional magnitude. As discussed before, Harden admits his guilt to the charges, and he was sentenced in the middle of an unchallenged guideline range. In addition, by pleading guilty, he received a sentence reduction for acceptance of responsibility. Moreover, it is also undisputed that, when Harden pled guilty, he was aware of the possibility (if not the requirement) of a consecutive sentence. Thus, Harden cannot show that the further information that a consecutive sentence was necessary would have affected his decision to plead guilty.

VI.

Harden next contends that the Government made many inflammatory and malicious comments at sentencing about his background and that the district court failed to make findings of fact as to whether these comments were correct. However, Harden fails to allege that these comments affected the calculation of the guideline range. While he seems to argue that these comments encouraged the court to impose a consecutive sentence, we ruled on appeal that the Guidelines

required a consecutive sentence. Because Harden cannot show that the court was influenced by the Government's comments, there was no requirement for the court to address the truth or falsity of the comments. *See United States v. Chavez*, 902 F.2d 259, 266-67 (4th Cir. 1990) (holding that absent showing of prejudice, occurrence does not rise to the level of a constitutional violation).

## VII.

In a related argument, Harden contends that the Government's comments at sentencing constituted prosecutorial misconduct. However, as discussed above, because Harden cannot show any prejudice, this claim will not support a certificate of appealability.

## VIII.

Harden argues that the interstate commerce nexus requirement in § 2252(a)(4)(B) does not satisfy the Commerce Clause.* The circuits that have addressed this issue are in agreement that the statute is constitutional on its face. *See, e.g.*, *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998); *United States v. Robinson*, 137 F.3d 652, 655-56 (1st Cir. 1998). We agree and find no constitutional error in the statute.

## IX.

Relying on *United States v. Corp*, 236 F.3d 325, 332 (6th Cir. 2001), Harden argues next that, even if the statute is constitutional on its face, it was unconstitutionally applied to the facts in his case. While the *Corp* court declined to find the relevant statute facially invalid, the court nevertheless found, on the facts of the case, that the

---

*Section 2252(a)(4)(B) prohibits the knowing possession of

1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction [of minors engaged in sexually explicit conduct] that ha[ve] been mailed, or ha[ve] been shipped or transported in interstate or foreign commerce or which was produced using materials which have been mailed or so shipped or transported.

defendant's activity was not of a type demonstrated to be substantially connected or related to interstate commerce. The defendant was not alleged to be a pedophile nor was he alleged to have been illegally sexually involved with more than one minor. Additionally, the minor in the case was merely months away from reaching majority and was alleged to have consented to the sexual activity. Based on these facts, the court found that the defendant's "activity was not of a type demonstrated *substantially* to be connected or related to interstate commerce . . . Corp was not involved, nor intended to be involved, in the distribution or sharing with others of the pictures in question. [The child] was not [exploited] nor a victim in any real and practical sense in this case." Thus, based on the "undisputed and unusual facts" of the case, the court reversed the defendant's conviction for lack of a sufficient nexus with interstate commerce. *Id.* at 332-33.

Here, the facts are markedly different. Harden possessed 104 photographs of young males with their genitals exposed, many depicting erect penises and in some cases with the photo subject fondling himself. The pictures involved multiple boys, some as young as eleven. In addition, Harden has admitted to sexual contact with multiple young boys. Based on these facts, we find that the Government made a sufficient showing that Harden's possession of pornography had a sufficiently substantial effect on interstate commerce. As such, even under *Corp*'s restrictive reading of the statute and nexus requirements, the facts in this case are sufficient to show the constitutionally necessary nexus.

## X.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We deny Harden's motion for relief and grant his motion to supplement his brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*