# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2889

_____

United States of America,                     *

                           *

            Appellee,          *

                           *   Appeal from the United States

      v.                   *   District Court for the

                           *   District of Minnesota.

Steven Patrick Koenen,           *    [UNPUBLISHED]

                           *

           Appellant.        *

_____

Submitted: January 12, 2007
Filed: July 25, 2007

_____

Before WOLLMAN and MELLOY, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

      By way of a superseding indictment, Steven Patrick Koenen was charged with twenty-two counts of production of child pornography, in violation of 18 U.S.C. § 2251(b) and (e), four counts of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), 2252A(a)(1), 2252(b)(1), and 2252A(b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

_____

     [1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

Koenen pled guilty to one count of production of child pornography and to one count of distributing child pornography, reserving the right under Rule 11(e)(2) of the Federal Rules of Criminal Procedure to appeal the issue of the sufficiency of the nexus with interstate commerce to support a conviction on the manufacturing count. The district court[2] sentenced Koenen to 360 months' imprisonment on the production count and to 240 months on the distribution count, the sentences to be served concurrently.

Koenen acknowledged during the guilty plea proceedings that the camera he had used to manufacture the pornography charged in the production count had been mailed, shipped, or transported in interstate or foreign commerce. On appeal, he acknowledges that this court has on a number of occasions rejected claims similar to that which he raises in this appeal, namely, that the mere transportation across state or international lines of cameras used in the manufacture of child pornography does not constitute an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers. See United States v. Mugan, 441 F.3d 622 (8th Cir. 2006), cert denied, 127 S. Ct. 191 (2006); United States v. Hampton, 260 F.3d 832 (8th Cir. 2001); United States v. Hoggard, 254 F.3d 744 (8th Cir. 2001); United States v. Bausch, 140 F.3d 739 (8th Cir. 1998). Notwithstanding the fact that this panel of the court is bound by those decisions, see, e.g., Hoggard, 254 F.3d at 746, Koenen contends that the district court failed to conduct the case-specific analysis that he argues is required by our holding in Bausch. We reject this argument, for as pointed out by the government, Koenen's admission that the camera he used to produce the child pornography had traveled in interstate commerce is by itself sufficient to satisfy the analysis required by Bausch.

The judgment of conviction is affirmed.

_____

---

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.