# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-4011

_____

United States of America,            *
                                                *

           Appellee,          *
                                                *    Appeal from the United States

     v.                          *    District Court for the Western
                                                *    District of Missouri.

Toby L. Rice,                  *
                                                  *    [UNPUBLISHED]

           Appellant.        *

_____

Submitted: January 25, 2010
Filed: January 29, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Toby L. Rice pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) (Count 1); distributing child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4) (Count 3). The district court[1] sentenced him to 240 months in prison on Counts 1 and 2, a concurrent sentence of 120 months in prison on Count 3, and concurrent life terms of supervised release. In this appeal of his convictions and sentences, counsel has filed a brief under Anders v. California,

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

386 U.S. 738 (1967), and has moved to withdraw. In a pro se supplemental brief, Rice argues that (1) sections 2251(a) and 2252(a) exceed Congress's Commerce Clause powers as applied to his case; (2) the district court was unaware of its full sentencing authority, was confused, and gave the government undue sentencing power; (3) the sentences are unreasonable; (4) child-pornography sentences violate the Eighth Amendment; (5) the court erred in admitting sentencing evidence, and a government witness gave misleading and erroneous testimony; (6) the government acted vindictively and violated due process by forwarding to the court the final presentence report (PSR) without allowing Rice to object; and (7) the victim's change of clothes between two photographs did not support a 5-level enhancement under U.S.S.G. § 4B1.5(b) for a pattern of activity involving prohibited sexual conduct.

Rice's arguments fail, and we reject them seriatim: (1) sections 2251(a) and 2252(a) do not exceed Congress's Commerce Clause power as applied, see United States v. Mugan, 441 F.3d 622, 627-30 (8th Cir. 2006); United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998); (2) Rice submitted objections to the PSR, including its final version, and he did not seek a continuance, see United States v. D'Andrea, 473 F.3d 859, 863 (8th Cir. 2007); (3) Rice has waived any argument that evidence was improperly admitted, cf. United States v. Comstock, 531 F.3d 667, 675 (8th Cir.) (where defense counsel stated "no objection" each time government moved to admit evidence, defendant waived objection to admission of evidence), cert. denied, 129 S. Ct. 590 (2008); (4) Rice's assertion that the government witness's testimony was misleading and erroneous is entirely conclusory, cf. United States v. King, 518 F.3d 571, 575 (8th Cir. 2008) (district court's assessment of witness credibility is virtually unassailable on appeal); (5) the court did not err in applying section 4B1.5(b)(1), see United States v. Aguilar, 512 F.3d 485, 487 (8th Cir.) (standard of review), cert. denied, 129 S. Ct. 113 (2008), because Rice does not challenge the finding that he engaged in prohibited sexual conduct, and the court did not clearly err in finding that the conduct occurred on separate occasions, see United States v. Rojas, 520 F.3d 876, 883 (8th Cir. 2008); United States v. Peck, 496 F.3d 885, 890 (8th Cir. 2007) ("pattern

of activity" occurs when defendant engages in prohibited sexual conduct with minor on at least two separate occasions); (6) there is no indication that the district court was unaware of its sentencing authority, was confused, or gave the government too much power; and (7) the sentences are not substantively unreasonable, see Gall v. United States, 552 U.S. 38, 51 (2007) (abuse-of-discretion standard); United States v. Raplinger, 555 F.3d 687, 695 (8th Cir.) (district court did not abuse discretion in imposing prison sentence of 457 months in child pornography case where record indicated court considered all relevant factors), cert. denied, 129 S. Ct. 2814 (2009); and do not violate the Eighth Amendment, see United States v. Paton, 535 F.3d 829, 837 (8th Cir. 2008).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____