# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3071

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Western |
| | *   District of Arkansas. |
| Eduardo Perez-Carrillo, | * |
| | *        [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: January 25, 2010
Filed:  February 10, 2010

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Eduardo Perez-Carrillo (Perez) pled guilty to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced him to 120 months in prison and supervised release for life. In this appeal of Perez's conviction and sentence, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is unreasonable. In a pro se supplemental brief, Perez argues (1) the indictment was defective; (2) the district court lacked jurisdiction because section 2252A(a)(5)(B) exceeded Congress's

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Commerce Clause authority, and there was no evidence the images traveled across state lines; (3) his due process rights and Federal Rule of Criminal Procedure 32 were violated by the court's failure to verify that Perez and counsel had read and discussed the presentence report (PSR), and he was prejudiced because he could have raised defenses to culpability for individual images; (4) he is actually innocent of the charges and his right to a jury trial was waived without his consent; and (5) counsel was ineffective on appeal.

Counsel's and Perez's arguments fail, and we reject them seriatim: (1) the district court did not abuse its discretion in imposing the 120-month prison sentence, see Gall v. United States, 552 U.S. 38, 51 (2007); (2) the indictment sufficiently charged the offense, see United States v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009) (describing when the indictment is challenged for the first time after the verdict is returned, an appellate court upholds the indictment unless the indictment is so defective that by no reasonable construction can it be said to charge an offense of which defendant was convicted); (3) section 2252A(a)(5)(b) does not exceed Congress's Commerce Clause power, see United States v. Bausch, 140 F.3d 739, 741 (8th Cir. 1998) (deciding 18 U.S.C. § 2252(a)(4)(B), which criminalizes possession of 3 or more visual depictions of minors engaged in sexual activity, is not beyond Congress's commerce power, because it contains an express jurisdictional element requiring transport in interstate and foreign commerce of visual depictions or materials used to produce depictions), and there was sufficient evidence the images traveled through interstate commerce, United States v. Rayl, 270 F.3d 709, 715 (8th Cir. 2001) (concluding evidence that child pornography images traveled through computer servers located outside defendant's state to get to his computer was sufficient to show that images were transported through interstate commerce); (4) Perez cannot show plain error resulting from the court's Rule 32 error, as the prejudice he alleges resulted from his counsel's failure, not the court's error, see United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000) (stating a failure to verify the defendant and attorney had read and discussed the PSR is waived and harmless where the defendant did not

request additional time to review the PSR and did not describe how he was prejudiced); (5) Perez clearly waived his right to trial in his plea agreement, and he has always maintained that he knowingly possessed child pornography on his computer, disputing only the number of videos of which he was aware and who was responsible for downloading the videos, see Rayl, 270 F.3d at 714 (explaining, one violates § 2252A(a)(5)(B) by knowingly possessing materials that contain child pornography and were transported in interstate commerce by any means); and (6) Perez cannot demonstrate the requisite prejudice from counsel's alleged deficiencies on appeal, see United States v. Davis, 508 F.3d 461, 463-64 (8th Cir. 2007) (holding the defendant did not establish prejudice where counsel tendered an Anders brief, because an appellate court reviews the record and will order full briefing of any nonfrivolous issues).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  We grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____