12-1086-cr
United States v. Genin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                         __Chief Judge__,
         ROBERT D. SACK,
                         __Circuit Judge__,
         JED S. RAKOFF,[*]
                         __District Judge__.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         __Appellee__,

         -v.-                                    12-1086-cr

RICHARD GENIN,
         __Defendant-Appellant__,
- - - - - - - - - - - - - - - - - - - -X

---

[*]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:** Clinton W. Calhoun, III, Calhoun & Lawrence, LLP, White Plains, New York.

**FOR APPELLEE:** Sarah R. Krissoff (Brent S. Wible, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robinson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Richard Genin appeals from the judgment of the United States District Court for the Southern District of New York (Robinson, J.[1]), denying his motion to suppress. Genin argues that the search warrant was not supported by probable cause because the warrant affidavit failed to describe sufficiently the videos that Genin had ordered from an online retailer of child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

With respect to denial of the motion to suppress, we review the district court's factual findings for clear error and review its conclusions of law de novo. See United States v. Rodriguez, 356 F.3d 254, 257 (2d Cir. 2004).

The search warrant was supported by probable cause. Although the warrant affidavit did not describe in detail the videos that Genin referenced in his e-mails to the child pornography website operator, the following information, taken together, sufficed. An FBI analyst had reviewed those videos and concluded that they met the definition of child pornography in 18 U.S.C. §§ 2252(a)(4)(B) and 2256(2)(A). "Nearly all" of the approximately 150 videos recovered from the European child pornography website operator depicted

---

[1] Judge Robinson decided the motion to suppress. When Judge Robinson left the bench in 2010, the case was assigned to Chief Judge Preska, who presided over the bench trial and sentencing.

minors engaging "in sexual acts, or . . . with their legs spread, or the camera lens zoomed in close on their pubic region, thereby clearly exposing the minor's genitals." Genin purchased a number of these videos. E-mails from Genin to the website operator referenced the ages of the girls in the videos, his desire to see "younger girls[,] and . . . to see them move, not simply pose." Genin's e-mails demonstrate his taste for sexually charged videos.

The warrant affidavit's specific description of these e-mails and its characterization of approximately 150 videos obtained by the FBI distinguish this case from the cases Genin cites. In those cases, the warrant affidavits contained only a perfunctory statement that the materials at issue contained "child pornography," United States v. Groezinger, 625 F. Supp. 2d 145, 149-50 (S.D.N.Y. 2009), or "children displaying a lewd and lascivious exhibition of the genitals and pubic areas," United States v. Jasorka, 153 F.3d 58, 59 (2d Cir. 1998) (per curiam).

The warrant affidavit therefore contained sufficient facts from which the magistrate could conclude that there was "a fair probability that contraband or evidence of a crime w[ould] be found" in Genin's possession. Illinois v. Gates, 462 U.S. 213, 238 (1983).

For the foregoing reasons, and finding no merit in Genin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3