# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1574

———————————————

United States of America

*Plaintiff - Appellee*

v.

Clifford Keith Hobbs

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: January 7, 2014
Filed: January 10, 2014
[Unpublished]

——————————

Before WOLLMAN, BYE, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Clifford Hobbs appeals the district court's[1] judgment entered after a jury found him guilty of attempting to persuade or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). We affirm.

———————————

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

First, we reject Hobbs's arguments that the district court lacked personal and subject-matter jurisdiction. The district court had jurisdiction over violations of federal law, see 18 U.S.C. § 3231; United States v. Hays, 574 F.3d 460, 471-72 (8th Cir. 2009), and section 2422(b) was validly enacted under the Commerce Clause, see United States v. Slaughter, 708 F.3d 1208, 1211 n.1 (11th Cir. 2013). Further, the court had personal jurisdiction over Hobbs because he was charged with violating federal law. See United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008). Second, we reject Hobbs's argument that the district court should have granted his motion for acquittal, as the government presented proof sufficient to satisfy each element of the offense, see United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010) (elements of § 2422(b) offense), and it was unnecessary for an injured party to file a complaint against Hobbs in order to prosecute him for the offense.

We also reject Hobbs's remaining arguments. In particular, we agree with the district court that the search of Hobbs's car was valid because police had reasonable cause to believe the vehicle contained evidence of the offense of arrest, see United States v. Webster, 625 F.3d 439, 444-45 (8th Cir. 2010); Hobbs did not raise in the district court a timely challenge to the warrant that authorized the search of his cell phone, see United States v. Salgado-Campos, 442 F.3d 684, 686 (8th Cir. 2006); and there was no error in the grand jury returning a superseding indictment while Hobbs's interlocutory appeal was pending, as that appeal was from a nonappealable order, see United States v. Cannon, 715 F.2d 1228, 1231 (7th Cir. 1983). We find that the district court did not abuse its discretion in denying Hobbs's request for grand jury materials, see United States v. McDougal, 559 F.3d 840-41 (8th Cir. 2009), or in denying his recusal motion, see United States v. Ruff, 472 F.3d 1044, 1046 (8th Cir. 2007). Hobbs's challenges to state court proceedings are not properly before this court.

Accordingly, the judgment is affirmed. We deny Hobbs's appellate petition for release, as well as his motions to supplement the record and for an expedited decision on the petition.

_____