14-4021-cr
United States v. Stephen J. Konn

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                        14-4021-cr

STEPHEN J. KONN,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:          Wayne A. Myers, Steven D. Clymer, Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

1

**FOR APPELLANT:**               Wayne P. Smith, Law Office of Wayne
                                P. Smith, Schenectady, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Stephen J. Konn appeals from the judgment of the United States District Court for the Northern District of New York (D'Agostino, <u>J.</u>), sentencing him after trial principally to 10 years' imprisonment and 25 years' supervised release for the receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (a)(5)(B). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The evidence was sufficient to prove beyond a reasonable doubt the interstate commerce element of each offense. The jurisdictional elements of §§ 2252A(a)(2)(A) and (a)(5)(B) do not require evidence that specific images actually crossed state lines; it is enough that the images were transported via the Internet. <u>See</u> Effective Child Pornography Prosecution Act of 2007 ("2008 Amendments"), Pub. L. No. 110-358, § 102(7), 122 Stat. 4001, 4002 (2008) ("The transmission of child pornography using the Internet constitutes transportation in interstate commerce."); <u>id.</u> § 103(a)(4)(B), (D), 122 Stat. at 4002-03; <u>id.</u> § 103(b), 122 Stat. at 4003 (replacing "in interstate or foreign commerce" with "in or affecting interstate or foreign commerce"); <u>see also</u> <u>Russell v. United States</u>, 471 U.S. 858, 859 & n.4 (1985) (the use of the phrase "'affecting interstate or foreign commerce' expresses an intent by Congress to exercise its full power under the Commerce Clause").

Konn argues that, so interpreted, the statute would exceed Congress's commerce power. But there can be no question that the Internet is a channel and instrumentality of interstate commerce; and Congress may "regulate and protect the instrumentalities of interstate commerce, . . . even though the threat may come only from intrastate activities," <u>United States v. Lopez</u>, 514 U.S. 549, 558 (1995).

**2.** Konn contends that the search warrant affidavit could not provide a "substantial basis" for the magistrate judge's finding of probable cause. United States v. Raymonda, 780 F.3d 105, 113 (2d Cir. 2015) (quoting United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993)). Konn cites several cases that hold that, when probable cause turns on the identification of images of child pornography, it is not enough for the warrant affidavit to use conclusory statements characterizing those images as "sexually explicit," "child pornography," or "lewd and lascivious." Instead, Konn argues, the affidavit must contain a description sufficiently detailed such that the magistrate judge can independently assess whether the images likely constitute child pornography, or else the magistrate judge must view the images. See, e.g., United States v. Pavulak, 700 F.3d 651, 661 (3d Cir. 2012); United States v. Brunette, 256 F.3d 14, 17-19 (1st Cir. 2001); United States v. Genin, 594 F. Supp. 2d 412, 418-25 (S.D.N.Y. 2009), aff'd on alternative ground, 524 F. App'x 737, 738 (2d Cir. 2013) (summary order). Assuming arguendo that we were to require a detailed description of the images absent attachment of those images to the supporting affidavit, sufficient description was provided in this case.[1]

**3.** Konn argues that his confession should have been suppressed because he was in custody (and not given Miranda warnings), and because his statements were involuntary. The district court held a suppression hearing at which Konn and Agent Fallon testified; we accept the district court's factual findings, which were not clearly erroneous.[2] See United States v. Bershchansky, 788 F.3d 102, 109-10 (2d Cir.

---

[1] The affidavit described seven images that Agent Fallon downloaded from Konn's shared folders. One was described as depicting "a prepubescent female, approximately 3-4 years old, sitting on a couch naked from the waist down. Her t-shirt is pulled up above her waist and her naked vaginal area is exposed. Her legs are spread apart and she is touching her vagina with her left hand." Gov't App. 20 ¶ 24(g). This is more than enough.

[2] Evident in the district court's recitation of facts and circumstances is an implicit finding of Agent Fallon's credibility, including Fallon's testimony that he informed Konn that Konn was "free to leave." See Special App. 43-44 (discussing the "objective and credible circumstances").

3

2015) (factual determinations on motions to suppress are either reviewed for clear error or viewed in the light most favorable to the party that prevailed on the motion).

Konn was not in custody. The district court found that: the interview took place in Konn's home; Konn was not placed in restraints; weapons were never drawn; the interview lasted approximately 35 minutes; at no point did Konn ask to leave or to end the conversation; at no point did the agents raise their voices; Konn was never told that he was under arrest; and Fallon "instructed [Konn] that 'I am not gonna let you roam around the residence while we do this for our safety reasons. But you're free to leave, you don't have to stay here.'" Special App. 44. A reasonable person would have felt free to terminate the conversation and leave. Moreover, Konn's "freedom of action" was not "curtailed to a degree associated with formal arrest." United States v. Falso, 293 F. App'x 838, 839 (2d Cir. 2008) (summary order) (quoting United States v. Newton, 369 F.3d 659, 671-72 (2d Cir. 2004)); see also United States v. FNU LNU, 653 F.3d 144, 153 (2d Cir. 2011) (discussing circumstances relevant to custody inquiry).

Nor were Konn's statements involuntary. In determining the voluntariness of a confession, this Court evaluates the totality of the circumstances, including "1) the accused's characteristics, 2) the conditions of the interrogation, and 3) the conduct of the police." Parsad v. Greiner, 337 F.3d 175, 183 (2d Cir. 2003). Konn is an adult; he has a college degree; he retired after 35 years' employment as an analyst for a state agency; he managed his mother's property during her life. See J.A. 192-94. The conditions of the interview were not harsh or confining, and the officers' conduct was professional. Konn was not "subjected to any threats, physical coercion, or protracted interrogation." United States v. Okwumabua, 828 F.2d 950, 953 (2d Cir. 1987).

**4.** The government concedes that the district court's Rule 26.2 discovery ruling was in error, because the chat spreadsheets created by Konn's expert witness (and ordered disclosed) did not relate to the subject matter of that expert's trial testimony. However, we need not determine whether this amounted to plain error (or whether the ruling was erroneous on any ground Konn raised below), because the spreadsheets were not used at trial, and the district court's consideration of the content of the chats at *sentencing* was not improper. A district court should

4

consider all relevant information at sentencing, see 18 U.S.C. § 3661; Fed. R. Crim. P. 32(d)(1)(D)(i)-(ii), (d)(2)(A)(iii); U.S.S.G. § 6A1.3(a), absent a "showing of significant countervailing values" (which Konn has not made), United States v. Tejada, 956 F.2d 1256, 1262-63 (2d Cir. 1992) (holding that a sentencing court *must* consider evidence obtained in violation of the Fourth Amendment absent a showing that officers obtained the evidence for the express purpose of sentence enhancement).

**5.** The district court declined to decrease Konn's offense level pursuant to U.S.S.G. § 3E1.1 because it found that Konn had not accepted responsibility for the distribution offense. We defer to this factual determination, which was not "without foundation." United States v. Harris, 13 F.3d 555, 557 (2d Cir. 1994) (quoting United States v. Irabor, 894 F.2d 554, 557 (2d Cir. 1990)); see United States v. Taylor, 475 F.3d 65, 68-69 (2d Cir. 2007) (per curiam); U.S.S.G. § 3E1.1 cmt. n.5. When interviewed by the probation department after trial, Konn "denied trading images"; stated that any images in his shared folders were "child erotica" rather than child pornography; asserted that any images of child pornography in his shared folders were placed there by the government; and claimed that "he never knowingly placed child pornography in shared folders on Giga[T]ribe for others to access." PSR ¶ 46; see also PSR ¶ 49.

**6.** Konn's sentence is substantively reasonable. See United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (substantive reasonableness is reviewed for abuse of discretion; reversal is appropriate "only when the trial court's sentence 'cannot be located within the range of permissible decisions'" (quoting United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc))).

Konn argues that his sentence is unreasonable and unconstitutional nevertheless because its starting point was U.S.S.G. § 2G2.2, a Guideline that we labeled "fundamentally different from most," "eccentric," "of highly unusual provenance," and even "irrational" in Dorvee. 616 F.3d at 184, 187-88. Konn's Guidelines range was accurately calculated at 292 to 365 months' imprisonment; the district court found that range to be "much greater than necessary to meet the goals of sentencing" and, accordingly, imposed a sentence (120 months' imprisonment) substantially below the low end of that range. J.A. 934.

5

Even before Dorvee, this Court made the "truly advisory" nature of the Guidelines "emphatically clear" to district courts. Cavera, 550 F.3d at 191. Post-Dorvee, it is even more unlikely that a defendant sentenced for a child pornography offense in this Circuit can attribute his sentence to § 2G2.2. In sentencing Konn, the district court followed our instructions. It took "seriously the broad discretion [district courts] possess in fashioning sentences under § 2G2.2" and "carefully applied" the Guideline to avoid "generat[ing] unreasonable results." Dorvee, 616 F.3d at 188. Thus Konn's constitutional arguments necessarily fail because § 2G2.2 "did not cause [Konn's] alleged sentencing injury." United States v. Meirick, 674 F.3d 802, 805 (8th Cir. 2012); see also, e.g., Kimbrough v. United States, 552 U.S. 85, 90-91 (2007) ("Booker . . . instructed that 'reasonableness' is the standard controlling appellate review of the sentences district courts impose." (discussing United States v. Booker, 543 U.S. 220, 261-62 (2005))).

In any event, Konn's substantive due process challenge would fail de novo rational basis review. See United States v. Cruz-Flores, 56 F.3d 461, 463 (2d Cir. 1995). (Konn does not argue that impermissible considerations went into the Guideline.) As compared to the "run-of-the-mill" case that concerned the Dorvee Court, 616 F.3d at 186, the enhancements were not arbitrary as applied to Konn. "Many of the images that Mr. Konn was viewing were horrific in nature."[3] J.A. 928. And Konn easily qualified for the 600-or-more-images enhancement *without* application of a multiplier for each video.[4] Nor does Konn demonstrate that the Guideline fails rational basis review as a facial matter. His argument relies entirely on language from Dorvee; but Dorvee's concern that § 2G2.2 can lead to irrational, unfair results in "run-of-the-mill" cases, not

---

[3] Some of these images depicted the rape of infants and toddlers; prepubescent females engaged in bestiality; the insertion of objects into prepubescent females' genital areas; and a prepubescent female performing oral sex on an adult with a knife held to her head. J.A. 916, 928.

[4] Konn's offense included at least 499 still images and 865 videos, exceeding 600 images prior to application of the 75-images-per-video multiplier. J.A. 916; see U.S.S.G. § 2G2.2 cmt. n.4(B)(ii).

6

all cases, has no bearing on a facial challenge.  See <u>United States v. Salerno</u>, 481 U.S. 739, 745 (1987).

For the foregoing reasons, and finding no merit in Konn's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK