# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2981

_____

United States of America

*Plaintiff - Appellee*

v.

Raymond R. Anderson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 4, 2021
Filed: May 7, 2021
[Unpublished]

_____

Before GRUENDER, MELLOY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Raymond Anderson appeals after he pleaded guilty to child-pornography offenses and was sentenced by the district court.[1] His counsel has moved to withdraw

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's jurisdiction.

We reject Anderson's arguments that the district court lacked personal and subject-matter jurisdiction. The district court had jurisdiction over violations of federal law, *see* 18 U.S.C. § 3231 (providing that district courts have original jurisdiction, exclusive of state courts, of all offenses against the laws of the United States); *United States v. Hayes*, 574 F.3d 460, 471-72 (8th Cir. 2009) (stating that because the indictment sufficiently alleged violations of the laws of the United States, the district court had jurisdiction), and 18 U.S.C. § 2252A was validly enacted under the Commerce Clause, *see United States v. Perez-Carrillo*, 365 F. App'x 32, 32 (8th Cir. 2010) (per curiam) (rejecting the claim that Congress exceeded its authority under the Commerce Clause in enacting § 2252A(a)(5)(B)); *see also United States v. Konn*, 634 F. App'x 818, 821 (2d Cir. 2015) (per curiam) (stating that Congress did not exceed its authority in enacting § 2252A because the internet is a channel and instrumentality of interstate commerce). Further, the court had personal jurisdiction over Anderson because he was brought before it on a federal indictment. *See United States v. Hobbs*, 550 F. App'x 345, 345 (8th Cir. 2014) (per curiam) (concluding that the district court had personal jurisdiction over the defendant by virtue of his having been brought before it on a federal indictment (citing *United States v. Marks*, 530 F.3d 799, 810-11 (9th Cir. 2008))).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal outside the scope of the plea agreement appeal waiver. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____