# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2250

_____

Alonzo Williams,

              Appellant,

      v.

United States of America,

              Appellee.

Appeal from the United States
District Court for the
District of Minnesota.

[PUBLISHED]

_____

Submitted:  May 14, 2003
Filed:  September 11, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Alonzo Williams pleaded guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. In the plea agreement, the parties calculated that Williams's Guidelines imprisonment range would be 140-175 months. When the presentence report (PSR) was prepared, however, it calculated a Guidelines range higher than that anticipated by the parties. Unlike the plea agreement, the PSR treated Williams as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1, producing a Guidelines imprisonment range of 262-327 months. Williams

has two prior convictions for crimes of violence, and his instant conviction is for a controlled substance offense.

Before sentencing, Williams obtained new counsel. His new counsel filed a motion to withdraw Williams's guilty plea, alleging that Williams's first attorney had rendered ineffective assistance by misadvising Williams that the penalties were the same for cocaine base and powder cocaine, inducing him to plead guilty to trafficking cocaine base when he had in fact been involved with only powder cocaine.

Williams's lawyer met with the prosecutor and the district judge regarding the plea-withdrawal motion. The prosecutor and the judge agreed not to treat Williams as a career offender and thereby abide by the Guidelines range anticipated in the plea agreement, if Williams withdrew his motion. Defense counsel then met with Williams to explain the advantages of withdrawing his plea-withdrawal motion. Williams agreed, his lawyer withdrew the motion, and the court sentenced Williams at the very bottom of the Guidelines range to 140 months in prison and 5 years of supervised release.

Williams did not appeal, but he later filed a 28 U.S.C. § 2255 motion. He claimed that he had been induced to plead guilty by the ineffective assistance rendered by his first lawyer, who misadvised him that the penalties were the same for cocaine base and powder cocaine. But for this incorrect advice, Williams claimed, he would not have pleaded guilty because he was involved with only powder cocaine. The district court[1] denied Williams's § 2255 motion without a hearing but granted him a certificate of appealability.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

We affirm the denial of Williams's § 2255 motion, albeit for different reasons than those used by the district court. See United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002) (this court may affirm the district court's judgment on any basis supported by the record).

The ineffective-assistance claim Williams asserted in his § 2255 motion is the same ineffective-assistance claim he asserted in his plea-withdrawal motion, which he withdrew before the district court could rule on it. Williams's decision to withdraw his plea-withdrawal motion was the result of a conscious choice, not inadvertence or inaction, which waives the ineffective-assistance claim he raised therein and precludes further review. See United States v. Olano, 507 U.S. 725, 733 (1993) (defendant's intentional abandonment of a known claim in the district court waives that claim, extinguishes the alleged error, and precludes further review); United States v. Peck, 161 F.3d 1171, 1174-75 (8th Cir. 1998) (defendant's withdrawal of his plea-withdrawal motion waives the claim raised therein).

Williams can escape the consequences of withdrawing his plea-withdrawal motion only if he can show that his second lawyer rendered ineffective assistance by advising him to withdraw the motion. Williams cannot make such a showing. It was a reasonable strategy for the lawyer to advise Williams to maintain his guilty plea because doing so benefitted Williams by limiting his Guidelines imprisonment range to 140-175 months. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (counsel's performance is not deficient if it might be considered sound strategy). If Williams had withdrawn his guilty plea, proceeded to trial, and been convicted of trafficking any quantity whatsoever of powder cocaine, his Guidelines imprisonment range as a career offender would have been no less than 210-262 months. See 21 U.S.C. § 841(b)(1)(C); USSG § 4B1.1(b)(C).

Accordingly, we affirm the district court's denial of Williams's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.