# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2817

_____

John William Gool, Jr.,    *
                           *
        Appellant,         *
                           *   Appeal from the United States
    v.                     *   District Court for the
                           *   Southern District of Iowa.
United States of America,  *
                           *   [UNPUBLISHED]
        Appellee.          *

_____

Submitted: February 8, 2010
Filed: May 28, 2010

_____

Before LOKEN, Chief Judge,[1] GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

During the 1990s, John William Gool, Jr., lived next door to his sister-in-law and her family in Clinton, Iowa. While his sister-in-law's family was on a vacation, Gool surreptitiously installed a video camera in their residence and connected the camera to his house through a coaxial cable. Gool used the camera to videotape his sister-in-law and her children undressing outside their basement shower. Gool recorded dozens of such videos over a period of several years and converted some of

_____

[1]The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

the recordings to digital format. Gool and his wife divorced in 2004. In 2006, Gool's former wife found a videotape showing A.R. and K.R., two of her sister's daughters, getting in and out of the shower. She showed the videotape to A.R. and K.R., who then contacted the police. A search of Gool's house revealed a cache of videotapes recorded by Gool's hidden camera and more than sixty thousand images of child pornography stored on a computer.

A federal grand jury indicted Gool on two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) (Counts I and II), one count of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count III), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count IV). Following his indictment, Gool filed a motion to dismiss Count I, arguing that it was barred by the five-year statute of limitations set out in 18 U.S.C. § 3282(a). In particular, Gool alleged that A.R. had stated to law enforcement officers that she was wearing braces in the relevant videotapes and that her braces were removed in 1996, when she was fourteen. Gool further alleged that K.R. had told the police that all of the videotapes in which she appears show her without a navel piercing, which she obtained before her seventeenth birthday on July 10, 2001. Gool argued that because he was not indicted until July 11, 2006, all of the conduct charged in Count I took place outside of the five-year limitations period.

Noting that Gool had made a "logical argument concerning a violation of the statute of limitations," the district court[2] ordered the Government to identify the specific videotapes on which it intended to rely to prove the allegations charged in Count I of the indictment.[3] Before the Government responded to this order, Gool and

---

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

[3]Gool subsequently expanded his motion to dismiss to include Count II. The parties do not dispute that the statute of limitations analysis is identical with respect to Counts I and II.

the Government negotiated a plea agreement. Under the agreement, Gool agreed to plead guilty to Counts III and IV and waive his right to appeal his sentence, and the Government agreed to move to dismiss Counts I and II. Gool pled guilty to Counts III and IV on April 24, 2007.

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR reported that A.R. and K.R. had made statements to law enforcement officials that were substantially similar to the statements Gool alleged in his motion to dismiss. The PSR also identified dental records confirming that A.R.'s braces had been removed more than five years before Gool was indicted. Gool's attorney did not seek to withdraw Gool's guilty pleas after reviewing the PSR. On April 18, 2008, the district court sentenced Gool to 220 months' imprisonment on Count III and 120 months' imprisonment on Count IV, ordering the sentences to be served concurrently. On the Government's motion, the district court then dismissed Counts I and II.

The Supreme Court issued three significant sentencing decisions during the period between Gool's guilty pleas in April 2007 and his sentencing in April 2008: *Rita v. United States*, 551 U.S. 338 (2007), *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007). After his sentencing, Gool appealed, challenging the reasonableness of his sentence in light of *Rita*, *Gall*, and *Kimbrough*. The Government moved to dismiss Gool's appeal, arguing that the appeal waiver prohibited Gool from appealing his sentence. We granted the Government's motion and dismissed Gool's appeal. *United States v. Gool*, No. 08-2135 (8th Cir. Aug. 6, 2008) (unpublished order).

Gool then filed a counseled motion to vacate, correct, or set aside the sentence under 28 U.S.C. § 2255. Gool argued that the prosecutor's failure to disclose that the conduct alleged in Counts I and II took place more than five years before Gool was indicted amounted to prosecutorial misconduct. Gool also argued that his defense

attorney was ineffective for failing to "move to reform or withdraw the plea agreement or the guilty plea itself." Gool maintained that on reviewing the PSR his attorney should have recognized that the district court would have dismissed Counts I and II on statute of limitations grounds even without the Government's motion and that Gool therefore received no consideration in exchange for agreeing to waive the right to appeal his sentence. Consequently, Gool argued that his attorney should have "move[d] to withdraw the appeal waiver in order to preserve [Gool's] right to appeal the sentence" under *Rita*, *Gall*, and *Kimbrough*. The district court denied Gool's motion but granted Gool a certificate of appealability on his ineffective assistance of counsel claim.

In his briefs on appeal, Gool focuses almost exclusively on his prosecutorial misconduct claim. We will not consider this issue, however, because "[w]e limit our appellate review to the issues specified in the certificate of appealability." *See Harris v. Bowersox*, 184 F.3d 744, 748 (8th Cir. 1999). In fact, we specifically denied Gool's motion to expand the certificate of appealability to include his prosecutorial misconduct claim, and we are troubled by his attempt to resurrect it.

The discussion of ineffective assistance of counsel in Gool's briefs essentially is limited to the following sentence: "If Attorney Treimer had taken steps to expose the running of the five-year limitation, Mr. Gool could have pled open to Counts Three and Four, or entered a plea agreement to those counts that did not require an appeal waiver." From this statement, we discern that Gool does not want to go to trial on Counts III and IV. Rather, Gool seeks to plead guilty to those counts without waiving his right to appeal so that he can then challenge the reasonableness of his sentence in light of *Rita*, *Gall*, and *Kimbrough*. The basis on which he seeks to obtain this relief is less than clear from his briefs. As best we can tell from his § 2255 motion, Gool's theory is that his attorney was ineffective for failing to move to withdraw Gool's guilty pleas to Counts III and IV before sentencing because the dental records identified in the PSR supported his motion to dismiss Counts I and II.

Gool's argument is premised on the assumption that the district court would have inevitably dismissed Counts I and II, which purportedly leads to the conclusion that Gool received no consideration in exchange for waiving his right to a direct appeal.

"We review the district court's denial of § 2255 relief de novo." *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007) (citing *Williams v. United States*, 452 F.3d 1009, 1012 (8th Cir. 2006)). To prevail on his ineffective assistance of counsel claim, Gool must establish that his attorney's performance was deficient and that he was prejudiced by this deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We turn first to his attorney's performance.

"Reasonable performance of counsel includes an adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories." *Lyons v. Luebbers*, 403 F.3d 585, 594 (8th Cir. 2005) (quoting *Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993)). In reviewing counsel's performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

We reject Gool's suggestion that his attorney was ineffective for failing to realize, based on the marginal additional information contained in the PSR (*i.e.*, the dental records), that Gool received no consideration in exchange for his appeal waiver. Gool's motion to dismiss reveals that his attorney was aware of, and actually asserted, the potentially valid statute of limitations defense (and significant facts supporting this defense) before Gool accepted the plea agreement. While the dental records identified in the PSR tended to corroborate the assertions made in Gool's motion to dismiss, the PSR did not present a novel basis for the statute of limitations defense—indeed, the

motion to dismiss asserted that A.R.'s braces had been removed more than five years before Gool's indictment.

Moreover, it was far from certain that the district court would have dismissed Counts I and II on statute of limitations grounds.[4] Thus, the Government's agreement to move to dismiss those counts removed any residual uncertainty. Because Counts I and II each carried a fifteen-year mandatory minimum sentence, *see* 18 U.S.C. § 2251(e), the dismissal of these counts was a substantial benefit to Gool.[5] In addition, not only did the Government move to dismiss Counts I and II, it also agreed not to pursue any further charges against Gool arising out of its investigation of this case. Accordingly, we conclude that Gool received valuable consideration in exchange for his agreement to plead guilty and waive his right to appeal. Under the circumstances, Gool has not shown that his counsel's decision not to move to withdraw Gool's guilty pleas after reviewing the PSR fell outside "the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689; *see also Williams v. United States*, 343 F.3d 927, 928-29 (8th Cir. 2003) (per curiam) ("It was

---

[4]The Government disputes whether the statute of limitations had run on the crimes charged in Counts I and II, arguing that an extended statute of limitations applies to these counts because they involved the sexual abuse of children. *See* 18 U.S.C. § 3283 ("No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child, or for ten years after the offense, whichever is longer."). Gool counters that sexual exploitation does not qualify as physical or sexual abuse and that § 3283 is therefore inapplicable. Because we conclude that Gool has failed to demonstrate ineffective assistance of counsel regardless of the applicable statute of limitations, we need not decide whether § 3283 applies to the crime of sexual exploitation of a minor.

[5]Although the district court ultimately sentenced Gool to a term of imprisonment exceeding fifteen years, the plea agreement allowed Gool's attorney to request a sentence of 97 months' imprisonment, or just over half of the 180-month mandatory minimum sentence he would have faced under Counts I and II.

a reasonable strategy for the lawyer to advise Williams to maintain his guilty plea because . . . [i]f Williams had withdrawn his guilty plea . . . and had been convicted of trafficking any quantity whatsoever of powder cocaine, his Guidelines imprisonment range . . . would have been [significantly higher] . . . .") (citation omitted).

Because Gool has failed to demonstrate deficient performance, we need not address prejudice. *See Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

For the foregoing reasons, we affirm the district court's denial of Gool's § 2255 motion.

_____