NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016
Decided March 18, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2188

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:13CR56-001 |
| MICHAEL NASH, *Defendant-Appellant*. | Philip P. Simon, *Chief Judge*. |

**O R D E R**

Michael Nash pleaded guilty to a conspiracy to defraud the United States, 18 U.S.C. § 286, and aggravated identity theft, *id.* §§ 2, 1028A(a)(1), after he used others' personal information to file false tax returns with the IRS and collect the resulting refunds. Nash was sentenced to 48 months' imprisonment for the conspiracy to defraud and a consecutive 24 months' imprisonment for the identity theft. Despite an appeal waiver, Nash appealed. His lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve; Nash declined to respond to counsel's motion,

*see* CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Nash "may wish to challenge his plea," so counsel first considers whether Nash could argue that his plea was not valid. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Before sentencing, Nash had moved to withdraw his guilty plea, asserting that it "was not freely and voluntarily given" and that he was innocent. But new counsel later was appointed for Nash, and he withdrew the motion. We agree with counsel that any challenge to the validity of Nash's plea would be frivolous. First, Nash waived any challenge to the knowingness and voluntariness of his guilty plea when he withdrew his motion making that very challenge. *See United States v. Tichenor*, 683 F.3d 358, 363 (7th Cir. 2012) ("[W]ithdrawal of an objection generally results in a waiver of that argument on appeal." (quotation marks omitted)); *Williams v. United States*, 343 F.3d 927, 928 (8th Cir. 2003) (claim in defendant's 28 U.S.C. § 2255 motion waived because it replicated claim in his withdrawn plea-withdrawal motion). And even if the argument were not waived, the district court ensured that Nash's plea was knowing and voluntary by complying with Federal Rule of Criminal Procedure 11 in the plea colloquy: the court advised Nash that he was under oath and could be separately charged with perjury; addressed the nature of the charges against him, the statutory maximum and minimum penalties, the trial rights he was forgoing, and the role of the sentencing guidelines; and explained the consequences of the appeal waiver. *See* FED. R. CRIM. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997).

It follows, says counsel, that the entire appeal is frivolous. We agree. An appeal waiver stands or falls with the guilty plea. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). Because Nash's guilty plea was valid, we must enforce his waiver. The district court did not rely on any impermissible factors in sentencing, and Nash's sentences do not exceed the statutory maximums for his crimes. *See Dowell v. United States*, 694 F.3d 898, 901–02 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Moreover, as counsel correctly points out, any challenge to Nash's conditions of supervised release is also foreclosed by the waiver. *See United States v. Campbell*, No. 15-1188, 2016 WL 685119, at *2 (7th Cir. Feb. 19, 2016). If problems later arise with these conditions, Nash may seek modification under 18 U.S.C. § 3583(e)(2). *See Campbell*, 2016 WL 685119, at *3; *United States v. Neal*, 810 F.3d 512, 514 (7th Cir. 2016).

Finally, counsel tells us that Nash has voiced "dissatisfaction with his attorney's performance in counseling him to enter into the plea." But counsel properly recognizes that claims of ineffective assistance are best raised in a collateral proceeding where an evidentiary foundation can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014).

We GRANT counsel's motion to withdraw and DISMISS the appeal.